## MUNRO v. LONG.

1. OUTSTANDING PARAMOUNT TITLE.—A purchaser of land, who has accepted the title and is in undisturbed possession, cannot, unless fraud or mistake is shown, sustain an action for rescission, or claim an abatement of the price, on the mere ground that there is an outstanding paramount title in another by which the purchaser may at some time be defeated.

2. IBID.—MISTAKE.—Under action for the settlement of a testator's estate, all the children of testator being parties thereto, a tract of land was purchased at its full value by one of these children, who was advised by counsel and believed that he was purchasing a fee simple title. This purchaser took deed, gave mortgage for a portion of the purchase money, and went into possession. *Held*, that he could not resist foreclosure of this mortgage on the ground that he was mistaken in supposing that he had purchased a fee simple title, for whether he erred in construing testator's will to give to testator's children an absolute estate, or in supposing that contingent remaindermen provided for in said will were not necessary parties to the action under which the sale was made, it was not such a mistake of law as would be relieved against in the action for foreclosure. If entitled to any relief at all, it must be had in the original case, still pending, in which the order of sale was made.

3. Evidence—Opinions.—What the opinion of the other children of testator was as to the title purchased, is irrelevant testimony.

Before Norton, J., Union, July, 1890.

Action of foreclosure by James Munro, master, against C. R. Long. The Circuit decree, omitting its statement of the pleadings, was as follows:

The issues were referred to William McGowan, Esq., as special master, who found the facts as above stated, except that the bond is for the unpaid balance of the purchase money, and not the whole. He further declined to find that defendant had not now a fee simple title, but assuming that he had only a life estate, he concluded, as matter of law, that this is not a case where relief can be had by the defendant, and that $1,132.24-100 is due on said bond to 4th January, 1890, the date of the report, and also that plaintiff is entitled to judgment of foreclosure of the mortgage. To this report defendant filed seventeen exceptions, none of which need be separately considered, except the 3d, which is to the exclusion of defendant's testimony as to the opinion of the other children of William Long in regard to the title he (defendant) would purchase at said sale, and is founded on mistake, for the question propounded to the witness was, "What was the opinion of the children of William Long, deceased, as to what title you had purchased?" a clearly irrelevant question. And the 3d exception is therefore overruled.

The other sixteen exceptions are intended to bring out the findings of facts and the conclusion of law in the report, so as to sharply define the issue, whether the case develops such a mistake of law as entitles the defendant to relief in this court. I think the substantial and relevant facts are found according to the views of the defendant, and I concur with the special master in his conclusions of law, and these exceptions are overruled.

I do not consider the doubt expressed in the case of *Roundtree* v. *Roundtree* (26 S. C., 468) as overruling the doctrine, that relief will be granted in some cases of mistake of law, nor will the shadowy distinction between mistake of law and ignorance of law, said in *Norman* v. *Norman* (26 S. C., 48) to exist, have that effect. Two well considered cases, and only two, have been

brought to my attention in which relief has been granted on that ground, viz.: *Lowndes* v. *Chisholm* (2 McCord Ch., *455) and *Lawrence* v. *Beaubien* (2 Bail., 623). They are consistent with and apparently founded on the rule laid down in Pomeroy's Equity, sec. 849, that whenever a person is ignorant or mistaken with respect to his own antecedent and existing private legal right, &c., and enters into some transaction, the legal scope and operation of which he correctly apprehends and understands, for the purpose of affecting such assumed prior and existing right, &c., equity will grant its relief, &c.

In the former case, the antecedent right of Chisholm was his ownership of a part of the debt, which he had reduced to simple judgment without foreclosure of the mortgage which secured it, and the remainder of the debt which he had assigned and which was secured by the mortgage and by personal sureties; his mistake was in thinking that a sale on execution would give him a title good against that part of the mortgage which he had assigned, whereas it gave him only the equity of redemption; his transaction was selling and buying under execution; his purpose was to exchange his right for a fee simple title to the land. In the latter case, Beaubien's antecedent rights were to hold the land until office found. He bought from Isaacs, who had no title. Because he was mistaken as to his own title and as to Isaacs' title, he gave up a title which was good, but which he was advised was bad, and bought a bad title. *Caveat emptor* is the general doctrine as to judicial sales made under order of court. It is true that in such sales in this State the officer is in some sense the agent of the parties, and while the absolute rule of *caveat emptor* may not apply as in forced sales, yet it is well settled that in judicial sales there is no implied warranty. *Mitchell* v. *Pinckney*, 13 S. C., 210, citing *Commissioner* v. *Thompson*, 4 McCord, 434, and Rorer on Judicial Sales, 177.

Contracts have been rescinded on the grounds of mistake, but not on the ground of mistake in relation to an outstanding title, when there has been no eviction of the purchaser. *Whitworth* v. *Stuckey*, 1 Rich. Eq., 404. Whitworth filed his bill against Stuckey, alleging that he had concealed from the plaintiff an encumbrance on land which he had conveyed with warranty to

plaintiff; that the encumbrance was the will of Fraser, which gave his sons life estates, with remainder in fee to their issue; that defendant's title was from life tenants who undertook to convey in fee.   On the Circuit, Chancellor Harper decreed in favor of the defendant, on the ground that while a purchaser remains in quiet possession of land, he cannot sustain a bill for rescission or abatement of price on the ground of an outstanding title.   He delivered the opinion in the Court of Appeals in equity, deciding the case for defendant on another ground, saying that it was unnecessary to decide this point, but using the following and other consistent language: "Then, as said by Chancellor Kent, what right have you to bring into court a party who has never pretended or asserted any claim in order to compel him now to assert it, or to renounce it forever?   As I have observed, it is in bad faith towards the vendor to stir up a claimant against his title."
*Ib.*, 409.   "The plaintiff does not state that he did not know of the existence and terms of John Baxter Fraser's will; and if he knew of this, it is immaterial that he put a wrong construction upon it; or if defendant represented to him in the strongest manner that his title was good, only expressing his own opinion or conviction on the construction of the will, this would be no fraud."

It is adjudged, that there is due to the plaintiff by defendant the sum of eleven hundred and thirty-two 24-100 dollars, with interest thereon from 4th January, 1890, as found by the special master in his report.   The plaintiff is entitled to a foreclosure of his mortgage.   And it is adjudged and decreed, that the mortgage premises described in the complaint in this action be sold at public auction, &c.

From this decree, defendant appealed on eighteen grounds, which made only the two points considered by this court.

*Messrs. D. A. Townsend* and *T. S. Moorman,* for appellant.

*Mr. William Munro,* contra.

February 27, 1892.   The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER.  The plaintiff, as master for Union County, brings this action for the foreclosure of a mortgage of real estate, given to secure the payment of the credit. portion of the purchase money of a tract of land sold by him as such master under proceedings for the settlement of the estate of William Long, deceased.  Defendant in his answer admits the execution of the note and mortgage sued upon, but sets up as a defence the following: that the land, the purchase money of which he is now sued for, originally belonged to William Long, who by his will devised it to his wife Miriam for life, with contingent remainders to others, as appears by a copy of said will filed as an exhibit to his answer; that after the death of the said life tenant, proceedings were instituted for the settlement of the estate of said William Long, to which none of the contingent remaindermen were made parties, although some of them were then *in esse;* and that under an order made in said cause, which is still pending, the land in question was sold and bought by the defendant at its full fee simple value, he then supposing, and being so advised by eminent counsel, that he was buying a fee simple title, but that he is now informed and believes that he was erroneously advised, and that he bought only a life estate; and he therefore prays judgment, that the complaint be dismissed, or that the proceedings in this case be stayed until the proceedings under which the land was sold be amended, by making the contingent remaindermen parties thereto, so that he may obtain a fee simple title.

All the issues in the action were referred to a referee, or special master, who made his report, overruling the defence set up, and recommending that the plaintiff have judgment of foreclosure, and this report, being heard by his honor, Judge Norton, upon exceptions thereto, was duly confirmed.  From this judgment defendant appeals upon the several grounds set out in the record.

We do not propose to take up these exceptions *seriatim,* but shall confine ourselves to the consideration of the questions really presented.  For this purpose it will be necessary to state certain facts, gathered from the report of the special master and from the testimony filed with the report.  From these sources we learn that the land was sold under an order made in the case of Smith

*v.* Winn, to which case the defendant herein was a party, from which order there does not appear to have been any appeal. It also appears that in taking the testimony in this case, the defendant, C. R. Long, while on the stand as a witness, was asked the following question: "What was the opinion of the children of William Long, deceased, as to what title you had purchased?" which was ruled out, and defendant excepted. This ruling, which was sustained by the Circuit Judge, is made the basis of defenant's last ground of appeal.

The real question made by this appeal is whether the Circuit Judge erred in holding that there was no such mistake of law on the part of appellant as entitled him to relief in this case. The mistake, if any, which was made by the defendant, was either in the construction of the will of William Long, or in supposing that the contingent remaindermen were not necessary parties to the proceedings under which the land was sold, in order to invest a purchaser at such sale with a fee simple title. It will be observed, that this is not a case for the enforcement of an executory contract of sale, but it is an action for the purchase money of the property sold, of which the party is in the undisturbed and, so far as the testimony shows, the unchallenged possession. Since the cases of *Whitworth* v. *Stuckey* (1 Rich. Eq., 404) and *Van Lew* v. *Parr* (2 *Id.*, 321), the latter of which was decided by the late Court of Errors, it cannot be doubted that a purchaser of land who has accepted the title, and is in undisturbed possession, cannot, unless fraud or mistake is shown, sustain an action for rescission, or claim an abatement of the price, on the mere ground that there is an outstanding paramount title in another, by which the purchaser may at some time be defeated.

Now, in this case there is no allegation, and certainly no proof, of any fraud, and the only question, therefore, is whether there was any such mistake as would entitle appellant to relief. The mistake claimed is not a mistake of fact, for appellant certainly knew, or ought to have known, all the facts when he bought; but the claim is that there was a mistake of law. Without undertaking to go into any discussion of what is called in one of the cases (*Norman* v. *Norman*, 26 S. C., 48) the nice and "shadowy" distinction between a mistake of law and

ignorance of law, it is sufficient for us to say that there was no such mistake of law, even under the cases which have gone to the extreme in that direction, as would relieve defendant. The mistake claimed to have been made was either in the construction of the will or in supposing that the rights of the contingent remaindermen would be barred by the order of sale made in a cause to which they were not parties. If the former, it is very obvious, from the cases of *Keitt* v. *Andrews* (4 Rich. Eq., 349) and *Cunningham* v. *Cunningham* (20 S. C., 317), that such a so-called mistake would not be sufficient, for, as said by Dargan, Ch., in his Circuit decree in *Keitt* v. *Andrews*, *supra*, adopted by the Court of Appeals, a misconstruction of a will "is rather an error of the judgment than a mistake either of the law or fact." If, however, the mistake really relied upon (as seems to be the fact from appellant's argument here) was in supposing that the contingent remaindermen were not necessary parties, that, upon the same principle, would not be sufficient.

But, in addition to this, the appellant here was a party to the action in which the order of sale was granted, and if such order was made in the absence of necessary parties, he is equally responsible with all the other parties to that action for the omission to bring all necessary parties before the court, before the order of sale was made, and if he sustains any injury by reason of such omission, it must be attributed to his own fault or error of judgment, from which he can claim no relief—certainly not in this action, brought to recover the purchase money of property which he participated in inducing the court to sell, and of which he is now in the undisturbed and unchallenged possession. But, in addition to this, it seems to us that if appellant is entitled to any relief at all, as to which we express no opinion, he should seek it in the case in which the order of sale was made, which is still pending; and in fact the record before us shows that the appellant has sought relief there, but with what result, the record does not show.

As to the last ground, it is very clear that there was no error in ruling out the testimony there referred to. Certainly *the opinions* of the other children of William Long were wholly irrelevant to the issue before the court; for even if it had

appeared that they were laboring under the same error of judgment as the appellant, that could not affect the legal rights of the parties.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.