### HUTCHISON v. FULLER.

1. MISTAKE OF LAW—IGNORANCE OF LAW.—Is there a practical difference between mistake of law and ignorance of law?

2. IBID.—SUBROGATION—EQUITY.—Where business men of intelligence, friends of both sides, meet to settle transactions between a decedent and his creditor, and it is agreed that creditor should take the entire landed estate of decedent and certain other property in full satisfaction of all his claims secured by mortgage, paying the widow a sum in cash, the transaction is consummated by creditor having deed for land executed by the widow in favor of his wife for debts due by him to her, and surrendering mortgages, all parties overlooking for the time being the interest of the children in the land, it is a mistake of law, and equity will relieve creditor and grantee by subrogating grantee to rights of creditor under the mortgages, and granting foreclosure thereof against interest of minor children in the land.

Before JAS. P. CAREY, special Judge, Laurens, December, 1902.　Reversed.

Action by J. C. Hutchison against Mamie E. Fuller and V. L. Nelson and children of S. T. Fuller and Bessie C. Hutchison.　From Circuit decree, plaintiff and defendant, Bessie C. Hutchison, appeal.

*Messrs. F. P. McGowan* and *W. R. Richey,* for appellants, cite: *There was no merger:* 17 S. C., 499; 57 S. C., 185.　*If vendor cannot convey, he holds as bailee:* 22 Ency., 924; 27 Ency., 6; Perry on Trusts, sec. 1292.　*They should be required to permit them foreclosed:* 88 N. C., 287; 22 Ency., 945; 2 Rich., 361; 22 Pick., 485.　*Mistake of law is relievable:* 2 Bail., 623; 2 McC. Ch., 463; 1 Hill Ch., 250. *As to subrogation:* 18 S. C., 132; 63 S. C., 93; 40 S. C., 417, 457; 162 U. S., 411, 415; 24 Ency., 202.

*Messrs. Ferguson & Featherstone,* contra, cite: *When vendor cannot convey, equity will not compel him:* Dud. Eq., 139.　*Distinction between ignorance and mistake of*

*law:* 20 S. C., 332; 1 Hill Ch., 251; 35 S. C., 243.    *Plaintiff was culpably careless and not entitled to relief:* 21 S. C., 235; 4 Rich. Eq., 354; 26 S. C., 496; 17 S. C., 428; 20 S. C., 317; 20 Ency., 820, 821; 7 Paige, 137.    *Plaintiff must surrender benefits derived:* 18 Ency., 829, 830; 21 S. C., 240; Rice Eq., 84.

July 29, 1903.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.  The plaintiff, J. C. Hutchison, was the owner of several mortgages executed by S. T. Fuller and Mrs. Virginia L. Nelson, covering a tract of land of 338 acres, in which they held equal interests as tenants in common. He also held a mortgage on two mules given by the same parties.  S. T. Fuller died in March, 1902, intestate, leaving as his heirs, his widow, Mamie E. Fuller, and his infant children, Lidie Inez Fuller, Lena E. Fuller and Neva E. Fuller.    Immediately after his death, W. L. Teague, the brother of Mrs. Fuller, invited the plaintiff to meet him at the home of his sister on the mortgaged land, and see if a settlement could be made.    A meeting was arranged, at which Hutchison, Teague, Mrs. Fuller, Mrs. Nelson, her brother, H. C. Fuller, James A. Coleman, and Col. J. H. Wharton were present.    The last named was a neighbor, who came at the request of Mrs. Nelson.    The plaintiff offered to take less than the sum due him, if Mrs. Fuller and Mrs. Nelson could arrange to pay the amount themselves or through their friends.    He was given to understand this would be impracticable, and finally agreed to take the land, and the mules, worth not over $100, together with a small quantity of oats, hay, cotton seed and corn, worth not more than $25, pay $150 cash, and cancel all his claims.    The land was inspected, its value discussed and compared with the amount of the indebtedness.    Whatever language was used, whether Mrs. Fuller and Mrs. Nelson expressed in words their understanding or not, all who were present clearly understood Hutchison was to have the whole title and

interest of Mrs. Nelson and S. T. Fuller, the mortgagors; and the trade was made under the impression that a deed from Mrs. Nelson and Mrs. Fuller would convey to him title to the land. The interest of the children was entirely lost sight of. The evidence leaves not the slightest doubt that this is a true statement of the facts. Indeed, no effort was made to dispute the plaintiff, who was corroborated by all the witnesses. Hutchison subsequently went back to the place, surrendered all his mortgages except one which he had inadvertently failed to carry, and had a deed for the land executed by Mrs. Nelson and Mrs. Fuller to his wife, Bessie C. Hutchison, instead of himself, in payment of money he owed her. The aggregate of the debts surrendered by Hutchison and the money paid by him was regarded by all parties a full and fair price for the land and personal property turned over to him. All concerned acted in good faith and under a common mistake as to the right of Mrs. Fuller to make title to all her husband's interest in the land. Afterwards, it somehow came to Hutchison's mind that under the settlement his wife had acquired only one-third of Fuller's interest instead of the whole, as he had supposed. He then brought this action, alleging his mortgages, setting up the mistake, above recited, in the settlement, and asking that he be allowed to foreclose his mortgages to the extent of the interest of the children in the land, which is two-thirds of the undivided half interest of their father or one-third of the whole tract, and that he have such other and further relief as to the Court might seem equitable and just. Mrs. Fuller, Mrs. Nelson, the infant children of Fuller, and Mrs. Hutchison are all before the Court as defendants. Mrs. Fuller and Mrs. Nelson answer, alleging that the transaction above recited was a compromise settlement, in which they agreed to convey only their interest in the land; that the plaintiff knew what that interest was, and that the mortgages are paid. The answer of the infant defendants is to the same effect. All parties being before the Court, the defendants, except Mrs. Hutchison, who joins in the prayer of the

complaint, ask for partition among the infant children of
S. T. Fuller and Mrs. Hutchison. The Circuit Judge held
that the error of the plaintiff was due to ignorance of law
and not mistake of law, and that, therefore, he could have
no relief. The Circuit decree provides for partition between
Mrs. Hutchison and the children of S. T. Fuller. The
exceptions are numerous, but the only substantial question
is, Do the facts above recited entitle the plaintiff to relief,
and if so, to what extent is the nature of the relief limited by
the pleadings?

The case is very peculiar. The negotiations were con-
ducted with unusual care, under the advice of friends and
relatives, and the deeds were drawn with deliberation and
executed some time after the negotiations. No witness
testified that anybody present did not know as an abstract
legal proposition that the children of an intestate always
have an interest in the land he leaves. If there are any
business men who do not know this, their number is so
exceedingly small that it seems beyond the bounds of reason
to suppose that five of them should have met together on
this occasion. This is rendered still more improbable by the
fact that the testimony indicates that these were men of at
least average intelligence. There is, we think, no proof
upon which the inference of ignorance of law can be sus-
tained. In this view, no extended discussion of the differ-
ence between ignorance of law and mistake of law is neces-
sary. The distinction has always been regarded somewhat
shadowy and difficult of application. It has been held in
this State to be founded on the fact that ignorance is a mere
state of mind which could not be proved, while mistake is
susceptible of proof. Since parties are allowed to
testify in their own behalf, as intimated in *Cunning-
ham* v. *Cunningham,* 20 S. C., 332, the distinction
is still less substantial. Indeed, it is regarded by many high
authorities as rather academic than practical, for mistake of
law, except in cases of inadvertence or forgetfulness, is
founded on ignorance of law.

The course of the negotiations and all the circumstances lead to the conclusion that all parties simply overlooked the children's interest. It was not mentioned or considered. There was complete forgetfulness of this interest by all who were present. An important contract was made, with one of the factors most material to its value completely overlooked. This was very remarkable; yet the experience of every man, especially of every lawyer, bears witness that occasionally very prudent men enter into most important transactions without being mindful of controlling facts or legal principles which are well known to them. It need hardly be said, ordinarily the law affords no relief for such blunders, especially if the error grows out of mistake of law or forgetfulness of legal rights. The general rule is, that equity will give no relief against mistakes of law; for without this rule, as has been often remarked, the administration of law would be impracticable because of its uncertainty. But to this rule there are exceptions which have been recognized in many cases in this State. *Zylstra* v. *Keith,* 2 DeS., 144; *Desell* ads. *Casey,* 3 DeS., 84; *Hopkins* v. *Mazyck,* 1 Hill, 251; *Gist* v. *Gist,* Bail. Eq., 344; *Lawrence* v. *Beaubien,* 2 Bail., 623; *Lowndes* v. *Chisolm,* 2 McC. Ch., 455. Full discussions of the rule and the exceptions will be found in notes, 55 Am. St. Rep., 494, and 5 L. R. A., 152.

In *Roundtree* v. *Roundtree,* 26 S. C., 496, 2 S. E., 474, an effort was made to have the terms of a will changed to conform to the alleged intention of testator, on the ground that he misconstrued and misunderstood a statute. It is manifest that correcting a will to comply with the supposed wishes of one who cannot speak for himself, except as he has spoken in the will itself, is a very different thing from altering the effect of a writing to conform to the clearly established intention of living persons. But aside from this, we do not think there was any ignorance or misconstruction of a statute in this case. Even if full assent is given to the views expressed on this subject in *Keith* v. *Andrews,* 4 Rich.

Eq., 349, and *Cunningham* v. *Cunningham,* 20 S. C., 333, it
will be found that in both these cases, the Court distinctly
recognizes the right to have a mistake of law corrected in
proper cases, but hold "misconstruction of a deed or will is
not to be regarded as coming within the scope and authori-
ties of those cases where mistakes of law, as contradistin-
guished from ignorance of law, have been considered as
affording grounds of relief." No construction of any
instrument of writing is involved here, and hence these cases
do not apply. In general, to obtain relief against a mistake
of law, the evidence of mistake must be clear and convincing,
the application for such relief must be prompt; it must be
shown the rights of innocent third persons will not be
materially affected by any effort of the Court to correct the
mistake; it must be possible to put the other party practically
in *statu quo;* and in a case like this, it must be made to
appear that there was a mistake of law or fact on both
sides, owing to which the objects of the parties in making
the contract cannot be attained. This case fulfils all these
conditions. Those who represent the minors were bound to
submit to the Court everything that could be said in their
behalf. Yet the evidence of the mistake or inadvertence of
both parties could hardly be stronger if there had been a
positive admission on their behalf that such mistake had been
honestly made, which, if uncorrected, would work great
hardship to one of the parties, while its correction would
only place the infants in the condition they occupied before
the transaction. Chancellor Johnson says, in *Hopkins* v.
*Mazyck, supra:* "Mistakes as to matters of fact have always
been regarded as relievable upon clear, full and irrefragable
proof, and mistakes in law ought to be upon the same foot-
ing, when the proof is equally certain. Suppose a party
claiming the benefit of a contract founded upon a mistake of
law, should, when put to answer it, admit the fact and be
base enough to insist upon it. Where is the conscience so
seared against the claims of justice and common honesty, as
not to revolt at it?" The inadvertence or forgetfulness of

legal rights which existed here comes within the technical definition of mistake laid down by Chief Justice McIver, in *Bank* v. *Boyd,* 35 S. C., 243, 14 S. E., 496 : "Now, the word 'mistake' has a technical meaning. It consists of unconsciousness, ignorance or a forgetfulness, or then it may be a belief of the existence of some fact past or present which did not, or does not, now exist, and on which the party acted."

It needs no citation of authority to show that Mrs. Hutchison is entitled to be subrogated to any rights Hutchison may have had, she having accepted the title at his instance in payment of money due to her by him. For the protection of her title, she has the right to any benefit the mortgages which he held would have conferred upon him, if the deed had been made to him instead of to her. All parties interested are before the Court, and in their pleadings have given their respective versions of the facts. The evidence has been taken in full, and there is no reason why the equities of all those concerned should not be considered and adjudged. Mrs. Nelson and Mrs. Fuller have no legal interest in the cause, as they have suffered no injury from the mistake made in the settlement, and no relief is sought against them. The infants should not be allowed to hold their interest in the land freed from the mortgages, when the mortgages were cancelled under a misapprehension, there being no difficulty in placing them in substantially the same position they occupied before the mortgages were cancelled. The mortgages on the land should be restored to the extent of the one-third interest of the Fuller children in the land, for the benefit of Mrs. Hutchison, who is subrogated to the plaintiff's rights. In computing the amount due on the mortgages, credit should be given for the value of the corn, hay and cotton seed, but not for the mules, as the plaintiff held a separate mortgage on them, nor for the oats, as plaintiff never received them. The mortgage debt should also be credited with the rents and profits of the land since Mrs. Hutchison has had possession. One-third of the amount

so found will be a charge on the one-third interest of the children. Inasmuch as the children had a right to have the entire tract sold rather than their one-third interest separately, the whole tract must now be sold. Mrs. Hutchison will be entitled to two-thirds of the net proceeds as the owner of two-thirds of the land and to payment of one-third of the mortgage debt as above indicated. Of the surplus, if any, Mrs. Hutchison should receive two-thirds, and the Fuller children one-third. The share of the children should be charged with only such part of the expenses of sale and Court proceedings as would have been paid from such share had the mortgage been foreclosed in the usual way without litigation.

The judgment of this Court is, that the judgment of the Circuit Court be reversed and the cause remanded to the Circuit Court to carry out the views herein stated.