11494

TURNER v. WASHINGTON REALTY CO. *ET AL.*

(122 S. E., 768)

1. CREDITOR'S SUIT—JUNIOR JUDGMENT CREDITOR NOT RELIEVED OF HIS BID ON THEORY THAT HE DID NOT KNOW OF SENIOR JUDGMENT CREDITOR'S CLAIM.—Where, after junior judgment creditor had bid on a building ordered sold in his creditor's bill against debtor, senior judgment creditors with liens properly recorded intervened and demanded participation in proceeds, fact that junior judgment creditor did not know of their claims *held* not such a mistake as entitles junior judgment creditor to be relieved of his bid.

2. EQUITY—EQUITY WILL RELIEVE AGAINST MUTUAL MISTAKE, OR MISTAKE ACCOMPANIED BY INEQUITABLE CONDUCT.—Equity will relieve against a mutual mistake or a mistake on one party's part accompanied by some equitable conduct on the other's part.

3. EQUITY—EQUITY MAY RELIEVE AGAINST MISTAKE NOT RESULT OF NEGLIGENCE.—Where a person is ignorant or mistaken with respect to his own existing private legal rights and other relations, and enters into some transaction, the legal scope and operation of which he understands, for the purpose of affecting such assumed rights or other relations, or carrying out assumed duties or liabilities, equity will grant relief, unless alleged mistake is wholly caused by want of such diligence as should be used by every person of reasonable prudence and the absence of which would be a violation of legal duty, or where parties cannot be replaced in their former position.

4. JUDICIAL SALES—PURCHASER BOUND TO INQUIRE WHETHER ALL NECESSARY PARTIES WERE BEFORE COURT.—A purchaser at a judicial sale is bound to inquire whether all necessary parties were before the Court when order of sale was made.

Before TOWNSEND, J., Richland, November, 1923. Order affirmed.

Action by J. E. Turner against the Washington Realty Company and others. From an order denying plaintiffs motion to set aside a judicial sale to him, he appeals.

*Messrs. Graydon & Graydon,* for appellant, cite: *Granting or refusal of motion lies within the discretion of the Court:* 56 S. C., 21; 99 S. C., 110; 95 S. C., 343; R. C. L. Vol. 16, 80, 2, 6; 24 Cyc., 38. *Plaintiff entitled to have sale set aside:* 8 Paige N. Y., 327; 60 Atl. Rep., 815; 70 Ill., 669; 22 Am. Dec., 661; R. C. L., 16, 86, 93, 103. *On account of mistake:* 50 S. C., 1; 2 Dev., 128. *On account of improper act of any party to the sale:* 2 Rich. Eq., 355; 2 S. C., 131; 13 Johns., 114; 4 John. Ch., 254; 2 Rich. Eq., 311. *On account of defect in proceedings:* 16 R. C. L., 2, 93; or title, 16 R. C. L., 123, 125. *Equity Sales:* 58 S. C., 447; 35 S. C., 326; 51 S. C., 555; 6 S. C., 177; 9 S. C., 287; 70 Am. Dec., 575; S. C. Supreme Court No. 11231.

*Messrs. Melton & Belser, Elliott & McLain* and *D. W. Robinson,* for respondent, cite: *Rules of Court,* Rule 5, Sub-sec. 3; Rule 9 sub-sec. 3; Rule 6, sub-sec. 1. *Pur chaser can obtain what he bought:* Case for appeal No. 11231 page 19-23 p. 32, folio 126. *Judicial sales will be sustained whenever it can be done without violating principles or doing injustice:* 112 S. C., 210; 25 S. C., 280; 83 S. C., 165; 26 S. C., 47; 38 S. C., 191-3; 20 S. C., 317-322; 95 S. C., 129; 1 McC. Eq., 159 note at 161; 39 S. C., 545; 35 S. C., 359. *Neglect or inattention of party injured will not be grounds to set the sale aside:* 16 R. C. L. Sec. 65, p. 91; 2 Pom. Eq. Jur. (14th Ed.) Sec. 856; Opinion in No. 11231; 2 Bail. (17 S. C. L.), 418; Rover on Judicial Sales Sec. 424, p. 159. *Sale under compulsory process:* 41 S. C., 513-17; "Caveat Emptor" 20 S. C. L., 403; 23 S. C. L., 44. *Mistake or ignorance of law no excuse:* 2 Pom. Eq. Jur. (4th Ed.) Sec. 839, 841, 842; 109 S. C., 488; 67 S. C., 285; 40 S. C., 101; 44 S. C., 45; 26 S. C., 47; Code, 1922, Vol. 1 Sec. 437; 14 S. C., 332; 73 S. C., 207; 109 S. C., 510. *Intentional act cannot be treated as mistake:* 2 Pom. Eq. Jur. (4th Ed.) Sec. 854. *Records of the case on file:* Nos. 11231, 11232; 11254.

May 2, 1924.

The opinion of the Court was delivered by MR. W. H. Muller, acting associate JUSTICE.

The appellant, the holder of a judgment for $32,501.47, recovered against Washington Clark prior to his death, instituted a suit, held to be a creditor's bill, against his grantee and certain lien creditors to have a conveyance of property known as the Clark Law building set aside as a fraudulent transfer. The cause proceeded to judgment, the relief prayed was granted, and the premises ordered sold free of liens, the proceeds to be applied to the debts of the several parties before the Court according to their legal priorities. The sale was had after due advertise-

ment, and plaintiff became the purchaser at $60,000, and put up a $5,000 deposit as required, but failed to comply with his bid.

In this status Columbia Savings Bank and Nicholson Banking & Trust Company, both of whom were judgment creditors of Washington Clark, whose judgments were regularly entered, were prior in time to plaintiff's judgment, but who were not made parties to the suit, applied for leave to be made parties to the original cause, to set up their judgments, and to participate in the distribution of the proceeds of sale according to their priorities. The applications were granted, and on appeal to this Court by Turner the order as to Columbia Savings Bank was affirmed, and reversed as to Nicholson Banking & Trust Company, without prejudice, to renew the application upon proper notice. 126 S. C., 378; 120 S. E., 371, where the facts of the cause and its various phases are fully set forth.

After the filing of this opinion, and while this Court had under consideration appellant's petition for a rehearing, he gave notice of a motion before Judge DeVore, who transferred it to Judge Townsend, to set aside the sale upon the grounds, in substance, that it was made in pursuance of a decree of the Court establishing the rights of the parties; that the permitting of the Columbia Savings Bank and Nicholson Banking & Trust Company to establish their judgments and participate in the proceeds of sale destroyed the status so fixed, and nullified appellant's judgment as a credit which he expected to use in paying for the property; that he bid in good faith, relying upon that status, and to require him now to comply would be unjust and inequitable; that he cannot get a title free and discharged from liens as he had a right to expect, all of which amounted to such mistake in equity as entitled him to relief. Upon hearing the motion Judge Townsend held "that the mistake made by plaintiff as to the distribution to be made of the proceeds of the sale at the time he bid is not such a mistake as entitled

him to be relieved from the obligation to comply with his bid. This appears to be a hard case, and the motion for relief is refused upon the legal grounds above stated, and not because of a mere exercise of discretion one way or the other." He therefore refused the motion, and ordered a resale of the property at the risk of the purchaser in case he failed to comply with his bid within 30 days. From this order Turner appeals to this Court.

In disposing of the issues, even although they are equitable, the Court is not uncontrolled, but is bound by established equitable principles. Recognizing this limitation, appellant alleges mistake of law, and asks relief on this ground. That a Court of equity may relieve for such mistake, subject to certain limitations, is well established. *Griswold v. Hazard,* 141 U. S., 260; 11 Sup. Ct., 972, 999; 35 L. Ed., 678. *Lawrence v. Beaubein,* 2 Bailey 623; 23 Am. Dec., 155. *Lowndes v. Chisolm, 2 McCord, Eq.,* 461; 16 Am. Dec., 667. *Whitehill v. Dacus,* 49 S. C., 273; 27 S. E., 200. *Hutchinson v. Fuller,* 67 S. C., 280; 45 S. E., 164. Such mistake, however, must be mutual (*Whitehill v. Dacus, supra. Hutchinson v. Fuller, supra. Kirkland v. Moseley,* 109 S. C., 488; 86 S. E., 608), or it must be on the part of one party accompanied by some inequitable conduct on the part of the other (*Griswold v. Hazard, supra. Bibber v. Carville,* 101 Me., 59; 63 Atl., 303; 115 Am. St. Rep., 305; Pom. Eq. Jur. [3d Ed.] § 847), or, "wherever a person is ignorant or mistaken with respect to his own antecedent and existing private legal rights, interest, estates, duties, liabilities, or other relation, either of property or contract or personal status, and enters into some transaction, the legal scope and operation of which he correctly apprehends and understands, for the purpose of affecting such assumed rights, interests, or relations, or of carrying out such assumed duties or liabilities, equity will grant its relief, defensive or affirmative, treating the mistake as analogous to, if not identical with, a mistake of fact"

(Pom. Eq. Jur. [3d Ed.] § 849, and authorities cited). But even in such cases relief will not be granted, where the alleged mistake "is wholly caused by the want of that care and diligence in the transaction which should be used by every person of reasonable prudence, and the absence of which would be a violation of legal duty," and especially where the parties cannot be replaced in their former position. *Smith v. Winn,* 38 S. C., 191; 17 S. E., 717; 751. *Munro v. Long,* 35 S. C., 354; 14 S. E., 824; 28 Am. St. Rep., 851. *Benson v. Markoe,* 37 Minn., 30; 33 N. W., 38; 5 Am. St. Rep., 821; Pom. Eq. Jur. (3d Ed.) § 856.

Appellant can prevail then only by showing that the cause falls under one or more of the foregoing propositions, and that he used that care and diligence required of a reasonably prudent person. It is not contended that there was mutual mistake. Appellant claims, however, that he was misled by the decree of sale, and, in effect, that he was mistaken as to his existing legal rights under that decree, and bid off the property as a result of such mistake. Does the record justify this position? He was the original complainant in the suit, and would be supposed to have brought in all necessary and proper parties. The suit proceeded to judgment, and the property was sold largely as a result of his efforts. The Court had a right to assume that it had all proper parties before it, had no duty resting upon it to ascertain such fact, and in determining their respective priorities in no sense intentionally misled the purchaser. Certainly, therefore, it cannot be said that there was any inequitable conduct inducing his action. Conceding, however, that appellant was honestly mistaken as to his rights under the decree, he shows no thought, care, or diligence on his part. Even a third person, who becomes a purchaser at a judicial sale, is bound to inquire whether all necessary parties were before the Court when the order of sale was made. *Trapier v. Waldo,* 16. S. C., 282. Yet appellant, the original complainant in these proceedings,

shows no attempt at such determination. The prior liens of which he complains were properly entered in the Clerk's office, and no investigation was made. He must have known that, were there any liens outstanding, they could not be defeated when the holders thereof were not before the Court. If he assumed the risk of there being none, he can scarcely hope for relief from the Court. If he had bought the same property at private sale, believing that it was free from incumbrances, when it was in fact mortgaged, would he be heard to say that he was entitled to relief simply because he had made a bad purchase? Bringing in the lien creditors has in no way affected his rights or changed his condition. As parties, he has to raise more cash for the purchase; not parties, they have a prior lien upon the property. But, even were his condition changed, that of itself would not be sufficient ground for granting equitable relief. The other parties have an interest in these same conditions, and urge for that very reason that the sale should not be disturbed.

So the grounds upon which the plaintiff seeks relief from his bid, viz., that he did not know that the existing judgment creditors had the right, accorded to them by the prior decision of this Court, to intervene and participate in the distribution of the proceeds of sale, or that, if not so allowed, they still held their judgments enforceable against the property; viewed in the light of all of the circumstances surrounding the sale, and especially his lack of diligence in connection therewith, clearly under the authorities is not such mistake of law as would sustain his claim to relief. 16 R. C. L., 91; 2 Pom. Eq. Jur. (4th Ed.) §§ 839, 841; 842. *Davis v. Hunt,* 2 Bailey, 418; Rover, Jud. S. 159. *Smith v. Winn,* 38 S. C., 191; 17 S. E., 717; 751. *Kirkland v. Moseley,* 109 S. C., 488; 96 S. E., 608. *Hutchinson v. Fuller,* 67 S. C., 285; 45 S. E., 164. *Munro v. Long,* 35 S. C., 360; 14 S. E., 824; 28 Am. St. Rep., 851. *Porter v. Jefferies,* 40 S. C., 101; 18 S. E., 229. *Brock v. O'Dell,*

44 S. C., 45; 21 S. E., 976.    *Norman v. Norman,* 26 S. C., 41; 11 S. E., 1096.    *Steele v. R. Co.,* 14 S. C., 332.    *Dixon v. Floyd* 73 S. C., 207; 53 S. E., 167.

The judgment of this Court is that the order appealed from be affirmed.

Messrs. Justices Cothran and Marion concur.

Messrs. Justices Watts and Fraser dissent.

Mr. Chief Justice Gary did not participate.

Mr. Justice Fraser: I cannot concur with Mr. Justice Muller. I think the plaintiff should be relieved of his bid. The conditions have been changed since he made his bid. The case is in equity, and I do not think it equitable to hold him to his bid. If the property is now worth what he bid, no harm will be done by ordering a resale. The plaintiff has by his efforts brought the property into Court and made it available for the payment of the debts of the senior judgment creditors. The complaint is made that the plaintiff was in error in not making these senior judgment creditors parties to the suit. Why should he have made them parties? I think this case is analogous to the enforcement of the lien of a mortgage. Wiltsie, on Mortgage Foreclosures, classes them together and says, on page 225 *et seq.,* that senior mortgage creditors are not proper parties, unless they are made parties for the purpose of ascertaining and fixing the amount due on their mortgages. In Ruling Case Law, Vol. 19, § 332, we find:

"Prior Lienholders.—It is a general rule that persons holding liens prior to the mortgage under foreclosure are neither necessary nor proper parties to the action."

It is true that the plaintiff had at least constructive notice of the prior judgments, but it is equally true that the prior judgment creditors had the same notice of the plaintiff's judgment, and with just the same kind of notice the prior judgment creditors stood by and are charged with notice that an order of sale had been made; the proceeds of the sale not to be paid to them. They made no effort to enforce

their liens until the plaintiff had bid in the property. It seems to me that, under the circumstances, the plaintiff should be relieved of his bid and a resale ordered. It seems to me that the prior judgment creditors should not demand any more. I feel sure the Court should not grant their demand. I therefore dissent.

MR. JUSTICE WATTS concurs.