23075

WARDEN & SMITH, INC., Appellant v. Earl CARTER,
d/b/a E & M Backhoe, Respondent.

(384 S. E. (2d) 590)

Supreme Court

*Julian M. Sellers*, Columbia, *for appellant.*

*Nancy H . Bailey*, Dillon, *for respondent.*

Heard June 8, 1989.

Decided Sept. 5, 1989.

TOAL, Justice:

Warden & Smith, Inc. moved before Special Circuit Judge George M. Stuckey, Jr. to reopen a previously obtained judgment against Earl Carter which had been cancelled by the

Dillon County Clerk of Court. The trial court found the judgment should not be reopened. We reverse.

## ISSUE

Did the preponderance of the evidence establish that the judgment was cancelled as a result of mutual mistake?

## FACTS

Respondent, Earl Carter, d/b/a E & M Backhoe (Carter), performed subcontract work for Fitton and Pittman, Inc. (Fitton and Pittman) on a job laying cables for Southern Bell in 1979. Carter obtained $4,704.70 in concrete materials from appellant, Warden & Smith, Inc. (Warden & Smith), which Carter used for this job. Carter did not pay Warden & Smith for the materials. In order to convince Warden & Smith to forebear filing a materialmen's lien against the job, Fitton and Pittman agreed to pay Warden & Smith $3,500.00 against Carter's account in return for Warden & Smith's agreement to apply the first $3,500.00 recovered from Carter to reimburse Fitton and Pittman. In 1980, Warden & Smith brought suit and obtained a judgment against Carter for $4,704.71.

In 1983, Carter, through counsel, inquired of Leon Douglas, office manager for Warden & Smith, as to the remaining balance on the account. Douglas was not an officer or director of the corporation. Douglas, unaware of the prior arrangement with Fitton and Pittman, looked at Carter's account card in his office, saw a payment had been made on the account of $3,500.00 and informed Carter that $1,200.00 remained to be paid on the account. Carter paid this amount in a number of installments. Upon Carter's tender of the last $300.00 payment, Carter, again through counsel, presented Douglas with a document entitled "Satisfaction of Judgment," which Douglas signed. Carter filed this document with the Dillon County Clerk of Court, who cancelled the judgment.

In 1987, Warden & Smith became aware that the judgment had been cancelled. Warden & Smith immediately moved before The Honorable George M. Stuckey, Jr. to have the Cancellation of Judgment removed from the records and have the original judgment reinstated together with interest accruing since the date of the original judgment.

Judge Stuckey denied Warden & Smith's motion. This appeal followed.

## DISCUSSION

1. *Standard of Review*

Warden & Smith's motion to the lower court requested the court to exercise its equitable power to reinstate the judgment, as it has been removed by mistake or fraud. In an action in equity, heard by a judge alone, this Court has jurisdiction to find facts in accordance with its views of the preponderance of the evidence. *Townes Assoc., Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976).

2. *Mistake*

Judge Stuckey's Order stated:

> I find that the Judgement should not be reopened, unless it can be shown by the Plaintiff that it was obtained through mistake or fraud. [Warden & Smith has] not shown any fraud, but could show mistake, only if they could show that the person satisfying the Judgement did not have authority or apparent authority to do so.

The lower court then found that Douglas did possess the apparent authority to bind the corporation, thus, the lower court concluded the judgment could not be reopened due to mistake.

Equity will relieve for a mutual mistake or a mistake on one party's part accompanied by some inequitable conduct on the part of the other. *Turner v. Washington Realty Co.*, 128 S. C. 271, 122 S. E. 768 (1924).

Carter does not argue that the Satisfaction was obtained as a result of a bargained for release or settlement or that Douglas' mistake was the result of negligence. Instead, he contends Douglas was not mistaken in signing the Satisfaction, because Warden & Smith informed him that it would look to Fitton and Pittman for satisfaction of the remainder of the account. In view of Warden & Smith's prior agreement with Fitton and Pittman to reimburse Fitton and Pittman with the first funds recovered on the account, we believe Warden & Smith did not pursue such a course in dealing with Carter.

The preponderance of the evidence before this Court convinces us that both parties were mistaken in believing the account had been paid in full when Douglas signed the Satisfaction. Additionally, at oral argument, Carter's counsel con-

ceded that Douglas was mistaken in signing the Satisfaction and that the most likely explanation for the judgment having been cancelled was that both parties were mistaken in believing the account had been paid in full.

The question of whether Douglas had apparent authority to bind the corporation is irrelevant to the question of whether a mutual mistake occurred. Presuming Douglas had the apparent authority to bind the corporation, Douglas' act, on behalf of the corporation was nevertheless a mistake. We, therefore, need not reach the question of whether Douglas possessed the apparent authority to bind the corporation.

The Order of the lower court is REVERSED, with instructions to the Dillon County Clerk of Court to reinstate the original judgment, together with interest accruing since the date of the original judgment.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.