### 11667

POWELL *ET AL.* v. ADAMS *ET AL.*

(126 S. E., 435)

1. PLEADING—DEMURRER ADMITS ALLEGATIONS OF COMPLAINT.—De-
   murrer admits as true all allegations of complaint for purposes of
   demurrer.

2. APPEAL AND ERROR—SUFFICIENCY OF PLEADING FIRST COMPLAINT NOT
   CONSIDERED ON APPEAL FROM JUDGMENT OF DISMISSAL RENDERED ON
   DEMURRER TO SUBSEQUENT COMPLAINT, IN ABSENCE OF APPEAL FROM
   ORDER SUSTAINING FIRST COMPLAINT.—The sufficiency of the original
   complaint will not be considered on appeal from judgment of dis-
   missal rendered on demurrer to subsequent complaint, in absence
   of appeal from order sustaining demurrer to first complaint.

3. ACTION—MATERIALMEN'S COMPLAINT AGAINST OWNER AND CON-
   TRACTOR HELD TO STATE ONE CAUSE OF ACTION AGAINST BOTH, AND
   NOT SEPARATE CAUSE OF ACTION AGAINST EACH ON THEORY THAT
   OWNER'S CONTRACT WAS GUARANTY.—Complaint against contractor
   and owner, for material for garage constructed by contractor on
   owner's premises, alleging that material was furnished at the re-
   quest of both defendants for use in construction by contractor of
   garage on owner's property, and that credit for purchase price was
   extended on contractor's promise to pay and on owner's "guaranty"
   of payment, *held* to state one cause of action against two defendants.
   and not a separate cause of action against each, contract of owner
   being on original undertaking for his personal benefit and not a
   guaranty.

Before WHALEY, J., County Court, Richland, April, 1924..
Reversed and remanded.

Action by H. Walker Powell and others, partners as.
Powell Fuel Co. against R. W. Adams and J. W. Foard..

From an order sustaining demurrer to the complaint, the plaintiff appeals.

The complaint follows:

(1) That the plaintiffs, H. Walker Powell and W. F. Coleman, executor of the will of J. W. Powell, deceased, are partners doing business under the name of Powell Fuel Company.

(2) That heretofore, between the 1st day of September, 1923, and the 5th day of December, 1923, both dates inclusive, the plaintiffs, at the request of the defendants, R. W. Adams and J. W. Foard, sold and delivered to the said J. W. Foard certain goods, wares, and merchandise to be used by the said J. W. Foard in the erection of a garage building by him for the said defendant R. W. Adams, for which the said defendants agreed to pay the sum of $1,-122.15; that the said goods were delivered to the said J. W. Foard on the property of R. W. Adams, in the town of Ridgeway, S. C., on which the said garage building was being erected; that, prior to the delivery of the said goods, the said R. W. Adams guaranteed the payment of the purchase price for said property so purchased; that the credit for the purchase price for the said property was extended by the plaintiffs on the pomise to pay made by J. W. Foard, and upon the guarantee of payment made to the plaintiffs by the said R. W. Adams.

(3) That no part of the indebtedness represented by the purchase price for the said goods, wares, and merchandise has been paid by discount or otherwise, except the sum of $139.75, and that there is a balance due and owing thereon of $982.40; that demand has been made upon said defendants for the payment of said balance of $982.40, but no part of said amount has been paid by discount or otherwise.

Wherefore plaintiffs demand judgment against the defendants for the sum of $982.40, and for the costs of this action.

*Mr. Hunter A. Gibbes,* for appellant, cites: *Causes of action and parties properly joined in one action:* 68 S. C., 257; 82 S. C., 562; 1 Code, 1922, Sec. 363, 378; 10 S. C., 164; 17 S. C., 106; 79 S. C., 502; 80 S. C., 84.

*Messrs. Melton & Belser,* for respondent, R. W. Adams.

February 7, 1925.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN.

This suit was commenced in the County Court of Richland County, in March, 1924. A demurrer to the complaint was sustained by the trial Judge and the complaint dismissed. Prior to this suit had been brought under the same title, which had likewise been dismissed on demurrer. After the dismissal of the first suit, the plaintiff paid the costs thereof and began the present one under a complaint which will be reported.

The only question involved in this appeal is whether or not the complaint states one cause of action against the two defendants, or a separate cause of action against each defendant.

A principle of law applicable to this case is too well settled to require the citation of authority: The demurrer admits as true all allegations of the complaint for the purposes of the demurrer.

Even though we were concerned with the first complaint, which is printed in the record under the order of the trial Judge, it appears that there are material differences between the two. There was no appeal from the order sustaining the demurrer to the first complaint and that complaint is out of consideration in the present case.

The complaint shows on its face that the goods were furnished for the benefit of Adams, as they were to be used in the erection of a garage on his property, and that credit was extended on the faith of the promise to pay by Foard and the guaranty by Adams. These allega-

tions must be taken as true for the purposes of the demurrer. Although the complaint uses the word "guaranty," yet the facts, as disclosed by the complaint and admitted by the demurrer, show that the "guaranty" was in reality an original undertaking on the part of Adams for his personal benefit. See *Gaines v. Durham,* 124 S. C., 435; 117 S. E., 732.

Such being the case, the complaint states one cause of action against two defendants and not a separate cause of action against each defendant.

Judgment reversed and cause remanded for trial.

MESSRS. JUSTICES WATTS, FRASER, and MARION concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN did not participate.