## 11959

### BLASSINGAME v. GREENVILLE COUNTY

#### (132 S. E., 616)

1. CONTRACTS—REFORMATION OF INSTRUMENTS—COURT OF EQUITY MAY REFORM OR RESCIND CONTRACT ON GROUND OF MUTUAL MISTAKE IN REFERENCE TO FACTS ON WHICH CONTRACT IS BASED.—Equity may reform or rescind contract as justice may require for mutual mistake in reference to facts or supposed facts on which contract is based.

2. PLEADING.—Demurrer admits as true all allegations of complaint.

3. PLEADING.—Complaint attacked by demurrer must always be liberally construed in favor of plaintiff.

4. PLEADING.—Complaint, which contains any allegation entitling plaintiff to relief either on law or equity side of Court, is not subject to demurrer.

5. HIGHWAYS—DEMURRER TO COMPLAINT SETTING OUT CONTRACT, AND ALLEGING EXECUTION AS RESULT OF MUTUAL MISTAKE, HELD ERRONEOUSLY SUSTAINED, EVEN THOUGH WORDS OF CONTRACT WERE CLEAR AND WITHOUT AMBIGUITY.—Where complaint set out contract with

county for road. construction and alleged that it was executed as
result of mutual mistake of parties with reference to material mat-
ter, plaintiff was entitled to have question submitted to proper tri-
bunal, even though words of contract were clear and without am-
biguity and demurrer to complaint was erroneously sustained.

Before MANN, J., Greenville, November, 1925.   Reversed.

Suit by J. T. Blassingame against Greenville County.
From a judgment sustaining a demurrer to the complaint,
plaintiff appeals.

*Messrs. Bonham, Price & Poag,* and *Dean, Cothran &
Wyche,* for appellant, cite: *Test of mutual mistake:* 120
P., 859; 6 R. C. L., 621.   *Contract may be reformed for
mutual mistake of fact:* 115 S. C., 453; 106 S. E., 473; 9
L. R. A., 50; 70 S. E., 551; 89 S. E., 123; 132 N. W., 188;
125 S. W., 61; 196 Mass., 497; 17 L. R. A. (N. S.), 96;
104 F., 457.   *Case distinguished:* 2 F. (2nd), 801.   *Right
to claim mistake not waived by agreement to complete work
for additional compensation:* 18 R. C. L., 696.

*Messrs. O. K. Mauldin* and *Haynsworth & Haynsworth,*
for respondent, cite: *Unexpected difficulties encountered
in performance of contract at agreed price do not excuse
performance:* 83 S. C., 90; 235 P., 221; 195 N. W., 754;
44 N. W., 1; 226 F., 728; 204 F., 859; 78 C. C. A., 366;
262 U. S., 495; 43 Sup. Ct. Rep., 595; 249 U. S., 399; 245
U. S., 159; 240 U. S., 156; 175 U. S., 588; 172 U. S., 372;
69 U. S., 1; 17 L. Ed., 762; 2 Wall., 1; 2 Smith's Leading
Cases (7th Amer. Ed.), 1; Broom's Legal Maxims (8th
Amer. Ed.), 652; Bishop on Contracts, 1887 Ed. Sec.,
380; Parson on Contracts, 9th Ed., 915.   *Engineer's esti-
mates binding:* 83 S. C., 100; 10 S. C., 122; 44 N. W., 1;
St. Rep. A., 270; 297 F., 127; 266 F., 728; 218 F., 778;
204 F., 859; 123 C. C. A., 155; 183 F., 391; 105 C. C. A.,
611; 140 F., 225; 71 C. C. A., 655; 21 C. C. A., 5; 175
U. S., 602; 175 U. S., 588; 138 U. S., 185; 11 Sup. Ct.
Rep., 290; 34 L. Ed., 917; 114 U. S., 549; 97 U. S., 398.
*Careless mistake by one party does not excuse performance:*

81 S. C., 38. *Cases distinguished:* 104 F., 457; 2 F. (2nd), 801; 229 P., 380; 77 L. R. A. (N. S.), 96.

April 14, 1926.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The plaintiff brought suit against Greenville County in the Court of Common Pleas of that County, and set up in his complaint two separate causes of action. The suit grows out of a contract made by the plaintiff with the County for the construction of the Cæsar's Head Highway, which is a part of the State Highway system.

Briefly stated, the main and important allegations of both causes of action are to the effect that the plaintiff made his bid for the work to be done and entered into the contract upon the representation that he would be called upon to remove only, approximately, 12,716 cubic yards of rock, as estimated by the engineers, at the price of $1.50 per cubic yard, and an excess of such yardage of not more than 20 per cent. at a price of 75 cents per cubic yard, which estimates, it is alleged, were made by an engineer of the State Highway Department as agent of Greenville County, and which plaintiff thought to be correct; that already, in carrying out his contract, although the road has not yet been completed, he has removed, approximately, 76,338.4 cubic yards of rock at great loss; that the bid submitted and the contract entered into by him "would never have been executed if the truth had been known, and was entered into solely because of the mutual mistake of both parties as to the quantity of rock to be removed"; that upon the discovery of the mistake made in the estimates he made protest and was promised a satisfactory adjustment of the matter; and that he continued the work upon the faith of that promise. Annexed to the complaint, and made a part thereof, was a copy of the written contract made by plaintiff with the County.

In the first cause of action, the plaintiff asks for the cancellation of the contract on the ground that the same was entered into by reason of a mutual mistake made by the parties, and for damages alleged to have been suffered by him by reason of such mutual mistake. In the second cause of action, because of the alleged mutual mistake, he asks for fair compensation for the work done by him on a *quantum meruit* basis.

The defendant interposed a demurrer to the complaint, the main grounds thereof being that the complaint and the contract, made a part thereof, show definitely: (1) The prices agreed to be paid to the plaintiff by the County for the work to be performed; (2) that the estimates made were submitted to the plaintiff and accepted by him; (3) that the plaintiff has been paid what he was due at the time of the commencement of suit, which payments he has retained; (4) that the facts stated in the complaint do not show a case of mutual mistake; and (5) that the contract, upon which the suit is based, is clear and without ambiguity. Upon hearing the demurrer, Hon. M. M. Mann, Circuit Judge, sustained the same, giving as his reason therefor his conclusion:

"That the contract entered into between the plaintiff and the defendant is explicit and without ambiguity; that the parties are bound by its terms."

From this order plaintiff has appealed.

There is no doubt that a Court of Equity may reform or rescind a contract, as the justice of the case may require, on the ground of mistake, where a mistake is mutual and is in reference to the facts, or supposed facts, upon which the contract is based. *Jumper v. Queen Mab Lumber Co.,* 106 S. E., 473; 115 S. C., 452. The theory of the plaintiff's suit is that the contract made by him with the County was made by a mutual mistake of the parties in reference to certain facts, or supposed facts, as to the quantity of rock to be removed. It appears to us that the Circuit

Judge based his holding entirely upon the fact that the written agreement before him was so clear that there could be no doubt as to its terms, and that the parties were expressly bound thereby. Evidently, he overlooked the main theory of the complaint and the most important allegation thereof, namely, that the very contract, which the Court construed, was alleged by the plaintiff to have been made by a mutual mistake of the parties.

For the purposes of the demurrer, that pleading admits as true all the allegations of the complaint. *Powell v. Adams,* 126 S. E., 435; 131 S. C., 48. When a complaint is attacked by demurrer, it must always be liberally construed in favor of the plaintiff. *Cline v. Southern Railway,* 96 S. E., 532; 110 S. C., 534. If a complaint contains any allegation, which entitles the plaintiff to relief either on the law or the equity side of the Court, then it is not subject to demurrer. *Board of Directors v. Lowrance,* 97 S. E., 830; 111 S. C., 295.

Even if the words of the contract are clear and without ambiguity, when it is alleged, as is done in this case, that the instrument was executed as a result of a mutual mistake of the contracting parties with reference to a material matter, and that the agreement would not have been entered into except for that mutual mistake, the party so alleging is entitled to have the question raised by him submitted to the proper tribunal for determination. *Jumper v. Queen Mab Lumber Co.,* 106 S. E., 473; 115 S. C., 452.

We have referred to the facts of the case only so far as necessary to determine the one question before us and express no opinion as to the allegations of the complaint, which are denied by the defendant in its answer.

It is our opinion that the Circuit Judge erred in sustaining the demurrer, and it is the judgment of this Court that the order appealed from be, and the same is hereby, reversed.

MESSRS. JUSTICES WATTS, COTHRAN and STABLER, and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.