8191

LAWTON v. CHARLESTON & WESTERN CAR. RY. CO.

PERSONAL INJURY—RELEASE.—The execution of a release from liability for personal injury cannot be avoided on the ground that it was executed under a *bona fide* opinion of the attending physician, who was also surgeon for the railroad company inflicting the injury, as to the effect of the injury and the amount of recovery in case of suit, which proved to be erroneous. Such release can only be avoided because obtained by fraud or misrepresentation.

Before GAGE, J., Abbeville, October term, 1911. Reversed.

Action by Sallie R. and J. T. Lawton against Charleston & Western Carolina Railway Company. Defendant appeals.

*Messrs. F. Barron Grier* and *Wm. P. Greene,* for appellant. *Mr. Greene* cites: *Release cannot be set aside on ground of mistake:* 2 Pom. Eq. Jur. 855; 74 Am. St. R. 881; 52 N. W. 136; 16 So. 347; 31 S. W. 903; 66 Pac. 1020; 54 So. 281. *Nor on account of representations by railroad surgeon:* 92 S. W. 455; Thomp. on Corp. 6324: 44 S. W. 278.

*Messrs. D. H. Hill* and *J. Moore Mars,* contra, cite: *Release should be set aside because executed under gross misapprehension:* 15 S. W. 700; 47 S. W. 379; 69 S. W. 651; 73 S. W. 1082; 81 S. W. 1190; 93 S. W. 124; 66 S. C. 77; 61 S. C. 537; 108 Ill. App. 357; 20 N. E. 176; 86 N. C. 473; 1 S. C. 421.

April 24, 1912. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This action was for damages by plaintiff, Sallie R. Lawton and her husband, against defendant for alleged injuries sustained by Sallie R. Lawton in an accident on one of defendant's trains on March 31, 1911, the plaintiff being a passenger and alleges her hurt or injuries was through the negligence of defendant. Defendant's answer among other defenses, plead a release on account of the cause of action sued on. Upon an order of the Court the plaintiff replied to so much of the answer as set up the release, and alleged that the same was procured from the plaintiffs through the misrepresentation made by Dr. Black, their family physician, and who was acting as surgeon for the railroad company, to the effect that her injuries were trivial, and that she would be well in a few weeks, and by his insistance that she would not get any more in case of suit. They allege that her injuries were much more serious than had been represented to them by Dr. Black; that her injuries were permanent and the amount paid was inadequate, and that they had been overreached by the defendant through its surgeon, who was acting in a dual capacity. The case came on for trial before Judge Gage and a jury, and at the close of plaintiff's testimony defendant moved the Court to direct a verdict upon the grounds stated in brief in the case, which motion was refused. Both plaintiffs and defendant at close of the case requested his Honor to charge certain propositions of law. The jury found for the plaintiffs five hundred ($500.00)

dollars. A motion for a new trial was made. This was refused by the Circuit Judge, and defendant appeals on thirteen grounds, alleging error in not directing a verdict for defendant, error in charge to jury and not granting new trial. We deem it unnecessary to take up the exceptions *seriatim.*

Complaint is made that his Honor erred in charging the jury the plaintiff's first request and refusing to charge defendant's first request. Plaintiff's first request was "that if the jury find from the evidence that the plaintiff was injured by the railroad company, that the release of liability of such injury was executed by the plaintiff, Mrs. Lawton, to the defendant railroad, but that the release was made in reliance upon untrue or misleading statements of facts as to the extent and probable duration of plaintiff's injury, and such statements were made by the attending physician and that such physician was the family physician of plaintiff, in whom she had absolute confidence, and he was also in the employ of the defendant railroad, the jury would be justified in disregarding the said release if the plaintiff had in good faith offered to refund to the railroad such consideration as might have been paid by the railroad company for said release." The defendant's first request was "that in this case there can be no recovery unless the jury are satisfied by the preponderance of the testimony that the release in this case was procured by fraud or misrepresentation." His Honor modified this by adding the words "or mistake." We think this was erroneous on the part of the trial Judge. The mistake on account of which the plaintiff asked to be relieved from the contract is that she made it on the faith of the opinion and advise of Dr. Black, the physician selected by her, as to the extent of her injuries and the probability of her recovery against the defendant. In such settlements resting necessarily on opinion, both parties know that they are taking the risk of error and mistake, and a release in such case can only be set aside on

the grounds of fraud or bad faith in the transaction, and not on the ground of mistake or error of judgment or misleading statements when honestly made in good faith. It was error on the part of his Honor to instruct the jury that the release could be set aside on the ground of mistake. If a mistake was innocently made, no fraud practiced, no false intentional misrepresentation made, no bad faith, no overreaching, a release cannot be set aside. Where a party makes a representation in good faith, honestly believing the facts as stated by him to be true with no intent to deceive, no intent to induce any one to act upon a false representation, but simply is mistaken in his opinion or his judgment is erroneous as to the result of injuries or the probability of recovering damages therefor; a party acting upon such opinion is not to be relieved upon the ground of mistake. Judge Gage, in his order refusing a new trial, says: "I think it is fair to say the testimony does not convict Dr. Black of a fraudulent intent in what he did and said. The plaintiffs' counsel so admitted to the jury." Where there is no fraud, but a *bona fide* mistake is made in opinion, that is not sufficient to relieve on the ground of mistake. We think his Honor was in error in instructing the jury they could disregard the release, if plaintiff made a mistake as to her condition when she executed it.

Our Court says, in *Kennerly* v. *Etiwan,* 17 S. C. 419: "It would not be enough to invalidate the covenant if it was executed upon erroneous advice or at the suggestion of defendant, or that plaintiff was mistaken in his judgment as to the effect of the changes required to be made in the works or from all these considerations combined."

Mr. Justice McIver, in *Banker* v. *Hendrix,* 24 S. C. 12, quoting from Story Eq. Jur. 221, "Passing from general notice of cases of fraud, arising from a misrepresentation or concealment of material facts it is said we may now pass to the consideration of some others which in a moral, as well as legal, view seems to fall under the same predica-

ment, that of being deemed cases of actual intentional fraud as contra-distinguished from constructive or legal fraud * * * and in especial manner all unconscientious advantages. or bargains obtained over persons disabled by weakness, infirmity, age, lunacy, idiocy, drunkenness, coverture and other incapacity from taking care or protecting their own rights or interests." Again in section 325, "If a weak man give a bond and there is no fraud or breach of trust in obtaining it, equity will not set aside the bond only for the weakness of the obligor if he be *compos mentis,* but whatever weight there may be in the remark in a general sense, it is obvious that weakness of understanding must constitute a most material ingredient in examining whether a bond or other contract has been obtained by fraud or imposition or undue influence, for although a contract made by a man of sound mind and fair understanding may not be set aside merely from its being a rash, improvident or harsh bargain, yet if the same contract be made with a person of weak understanding there does arise a natural inference that it was obtained by fraud or circumvention or undue influence." In section 238 it is said, "The doctrine, therefore, may be laid down as generally true that the acts and contracts of persons who are of weak understanding, and who are thereby liable to imposition, will be held void in courts of equity, if the nature of the act or contract justify the conclusion that the party has not exercised a deliberate judgment, but that he had been imposed upon, circumvented or overcome by cunning, artifice or undue influence."

Judgment reversed and new trial granted.