19302

Tal H. HERNDON, Appellant, v. Jefferson WRIGHT, Respondent
(184 S. E. (2d) 444)

*Colden R. Battey, Jr., Esq., of Harvey, Harvey & Battey,* Beaufort, *for Plaintiff-Appellant,* cites:

*Messrs. Joseph H. McGee and E. C. Bricklemyer, Jr., of Buist, Moore, Smythe & McGee,* Charleston, *Defendant— for the Respondent,* cite:

November 1, 1971.

BRAILSFORD, Justice:

Plaintiff appeals from an order sustaining defendant's demurrer to his second cause of action, whereby he seeks rescission, on the ground of mutual mistake, of a release executed by him following an automobile collision in which he sustained personal injuries. The complaint, in form, is divided into three causes of action. The first is for damages for personal injuries, and the third is for rescission of the release on the ground of fraud. It is probable that plaintiff has only one cause of action for recission of the release, and that the complaint merely states alternative grounds for such relief. *Glenn v. E. I. DuPont de Nemours & Co.,* 250 S. C. 323, 157 S. E. (2d) 630 (1967). This suggests doubt, which we find it unnecessary to resolve, as to the properiety of entertaining the demurrer.

Only the second division of the complaint has been printed. Although the first five paragraphs of the first cause of action are incorporated therein by reference, these paragraphs have not been included in the record. The following facts are either alleged in this division of the complaint or are reasonably inferable therefrom.

Immediately following the collision, plaintiff was taken to a hospital, where his attending physician advised him that he had a broken collarbone and cuts, bruises and abrasions of the legs, from all of which he would soon fully recover. Shortly after the collision he agreed upon a settlement with the defendant's agent, whereby his medical expenses, not exceeding $2,000.00, would be paid. In reaching this agreement and in the execution, delivery and receipt of the release, plaintiff and defendant's agent both acted under the mistaken belief that plaintiff's injuries were relatively minor and as described by the physician. Shortly afterward, it was discovered that plaintiff had a serious and disabling back injury of which both he and defendant's agent were ignorant when the settlement was made. If the condition

of the plaintiff's back had been known, the release would not have been given. Upon learning of this development, defendant's agent advised plaintiff that since both parties had been mistaken as to the true facts, the settlement would be reopened.

The demurrer, phrased in most general terms, was construed by the circuit court to be for insufficiency of facts to constitute a cause of action, "in that mutual mistake of fact as to the nature or extent of injuries is not a valid ground for the rescission of a release in South Carolina." The circuit judge felt bound to sustain the demurrer by our 1912 decision in *Lawton v. Charleston & W. C. Railway Co.,* 91 S. C. 332, 74 S. E. 750 (1912).

Admittedly, the phraseology of the opinion in this case is broad enough to exclude mutual mistake, innocently entertained, as ground for rescission of a release. However, the judgment of the court, to which we must look, does not reach so far. The verdict for plaintiff was set aside because of "error in instructing the jury they could disregard the release, if plaintiff made a mistake as to her condition when she executed it." 91 S. C. at 335, 74 S. E. at 751. This unqualified instruction left the jury free to disregard the release if they found it to have been affected by *unilateral* mistake as to plaintiff's *prognosis, i. e.,* if plaintiff, in granting the release, mistook the gravity of her condition. This instruction was clearly erroneous. There was no occasion for the court to decide whether a release may be avoided if induced by a *mutual mistake* as to a material *fact.* To the extent that the language of the *Lawton* opinion seems opposed to plaintiff's case, which is rested upon allegations of this import, it must be regarded as *obiter dictum,* hence, without precedential value. While we are satisfied that the *Lawton* case is thus distinguishable from this and not controlling, it is quite understandable that the able circuit judge considered himself bound by the broad language of the opinion.

It is widely accepted doctrine that, generally, mutual mistake of fact is ground for avoidance of a release. 45 Am. Jur., Release, Sec. 20 (1943); 76 C. J. S., Release, § 25 (1952). Since the date of the *Lawton* opinion and with the mushrooming of motor vehicle collision litigation, numerous cases by personal injury victims seeking relief from improvidently granted releases on the ground of mistake have beset appellate courts. See comprehensive annotation, 71 A. L. R. (2d) 82 (1960). The doctrine has frequently been applied with such liberality toward these litigants that, according to some law writers and courts, special principles applicable only to releases of personal injury claims have been devised as if such cases were *sui generis*. Havighurst, The Effect Upon Settlements of Mutual Mistake as to Injuries, 12 Defense L. J. 1, 13-14 (1963); *Clancy v. Pacenti*, 15 Ill. App. (2d) 171, 145 N. E. (2d) 802, 71 A. L. R. (2d) 77 (1957).

We have not been confronted by these innovations because, remarkably, this is the first case to reach us impugning a personal injury release on the ground of mistake since our pre-automobile decision in *Lawton*. Nor need we now consider the decisions in this field from other jurisdictions. The appeal in this case, in which the facts have not been developed by trial, may be disposed of on familiar principles of procedural and contract law.

We are concerned only with the allegations of the second cause of action, which are assumed to be true, and which, with all inferences reasonably deducible therefrom, must be liberally construed in favor of the plaintiff. This excludes from consideration the terms of the release, which are not included in the challenged pleading by incorporation or otherwise. *Spell v. Traxler*, 229 S. C. 466, 93 S. E. (2d) 601 (1956); *Franks v. Anthony*, 231 S. C. 191, 97 S. E. (2d) 891 (1957).

Our cases support the doctrine that a contract may be rescinded if it "was executed as a result of a mutual mistake of the contracting parties with reference to

a material matter, and * * * the agreement would not have been entered into except for that mutual mistake * * *." *Blassingame v. Greenville County*, 134 S. C. 324, 132 S. E. 616, 617 (1926); *Jumper v. Queen Mab Lumber Co.*, 115 S. C. 452, 106 S. E. 473 (1921). We are of the opinion that the allegations of plaintiff's complaint are sufficient to state a cause of action for rescission under this doctrine. The defendant's contentions that the mistake relied upon was unilateral and that it was not as to a present or past fact may prove stumbling blocks at the trial, but they are not supported by plaintiff's allegations, by which defendant is bound for the purposes of the demurrer.

Reversed and remanded.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.