0364

Samuel Lee BLANTON, Respondent, v. Betty Jo BLANTON and First Piedmont, Federal Savings and Loan Association of Gaffney, South Carolina, Defendants, of whom Betty Jo Blanton is the Appellant. Appeal of BLANTON, Betty Jo.

(325 S. E. (2d) 340)

Court of Appeals

*James R. Thompson,* of *Saint-Amand, Thompson & Brown,* Gaffney, *for appellant.*

*Robert M. Holland,* of *Turnipseed, Holland & Smith,* Spartanburg, *for respondent.*

Heard Oct. 22, 1984.

Decided Jan. 14, 1985.

GOOLSBY, Judge:

In this appeal by Betty Jo Blanton from an order rescinding a deed executed by the respondent Samuel Lee Blanton, the issue we address is the quantum of proof required in

South Carolina to cancel a written conveyance on the grounds of mutual mistake. The circuit judge required a mere preponderance of the evidence. We reverse the judgment appealed from and remand the issue of mutual mistake for redetermination.

Samuel brought this action seeking, among other things, to have cancelled on the grounds of mutual mistake a deed by which he conveyed a one-half interest in certain real property to Betty Jo, his aunt. He claims that he did not know he was executing a deed, that he did not intend to convey any interest to Betty Jo, and that Betty Jo did not intend for him to convey the one-half interest to her. The special referee, to whom the case was referred, failed to find mutual mistake; however, the circuit judge held that Samuel proved mutual mistake by a preponderance of the evidence and ordered the deed rescinded.

Although no South Carolina case either found by us or called to our attention directly addresses the issue concerning the proof required in an action to cancel a written conveyance on the grounds of mutual mistake,[1] our Supreme Court has held that the clear and convincing evidence standard must be used where the action is one to reform a written conveyance or contract on the grounds of mutual mistake. *Hann v. Carolina Casualty Ins. Co.*, 252 S. C. 518, 167 S. E. (2d) 420 (1969); *Gowdy v. Kelley*, 185 S. C. 415, 194 S. E. 156 (1937); *Sullivan v. Moore*, 92 S. C. 305, 307, 75 S. E. 497, 498 (1912). Because we know of no reason why different standards of proof should apply in actions for recission and for reformation, we therefore hold that in an action for cancellation of a written conveyance on the grounds of mutual mistake the proof must be by evidence that is clear and convincing. *See Hopkins' Executors v. Mazyck*, 10 S. C. Eq. (1 Hill Eq.) 242 (1833). In adopting this standard for an action to cancel a written conveyance on the grounds of mutual mistake, we note that courts elsewhere also require the action to be sustained by evidence that is clear and convincing. *See, e.g., Marriott Financial Services, Inc. v. Capitol Funds,*

---

[1] We read neither *Brock v. Brock*, 218 S. C. 174, 61 S. E. (2d) 885 (1950), *Eargle v. Eargle*, 151 S. C. 85, 148 S. E. 699 (1929), nor *Jumper v. Queen Mab Lumber Co.*, 115 S. C. 452, 106 S. E. 473 (1921), to hold that a mere preponderance of the evidence is sufficient to set aside either a written conveyance or contract.

*Inc.*, 288 N. C. 122, 217 S. E. (2d) 551, 77 A. L. R. (3d) 1036 (1975); *Sine v. Harper*, 118 Utah 415, 222 P. (2d) 571 (1950); *see also* 12A C. J. S. *Cancellation of Instruments* Section 100a at 816 (1980).

Rather than make our own findings of fact and determine the issue regarding mutual mistake in accordance with our own view of the evidence, which we have the authority to do in this instance [*see Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976); *Price v. Derrick*, 262 S. C. 341, 204 S. E. (2d) 389 (1974)], we prefer to remand the issue of mutual mistake to the circuit judge and permit him to determine the question anew.

Reversed and remanded.

SHAW and CURETON, JJ., concur.