2509

Joyce I. SMOTHERS and Bobby J. Smothers, Appellants v.
UNITED STATES FIDELITY AND GUARANTY CO., Respondent.
(470 S.E. (2d) 858)

Court of Appeals

*Ricky Harris,* Spartanburg, *for appellants.*

*John B. Honeycutt, Jr.,* Charlotte, N.C., *for respondent.*

Heard Apr. 3, 1996.

Decided May 13, 1996.

HEARN, Judge:

Appellant brought this action against Respondent to rescind a release on the grounds of mutual mistake of a material fact, or, in the alternative, a unilateral mistake of fact induced by the fraud, deceit, and misrepresentation of respondent. The trial judge found the release signed by Appellants to be valid and refused to set it aside on the grounds asserted. We affirm.

Appellant Joyce Smothers was involved in a head-on automobile collision on September 26, 1988. She sustained severe personal injuries including partial brain damage. Appellants retained an attorney to represent them in this matter.[1] Appellants recovered the maximum amount of liability insurance available from the at-fault driver's carrier. They then made an underinsurance claim against Respondent.

Respondent provided underinsured motorist coverage to Appellants through a garage policy issued to Appellant Bobby Smothers, d/b/a Quality Auto Sales. The policy insured four "tags" under a commercial "garage policy" so that when Appellants sold an automobile and bought another one, the insurance could be easily transferred to the newly purchased automobile. Respondent provided underinsured motorist coverage for the automobile driven by Ms. Smothers at the time of her accident of $300,000.00. The other three "tags" or automobiles were similarly insured at the time of the accident. In December of 1990, after lengthy negotiations, Respondent agreed to pay Appellants $300,000.00 for their injuries. Appellants then signed a valid Release Under Underinsured Motorist Coverage in favor of Respondent on December 27, 1990.

Appellants contend they should be able to set aside the release on the grounds of mutual mistake. They allege they accepted Respondent's settlement offer only because they and Respondent were under the mistaken belief that $300,000.00 was the "limits" of the policy available to Appellants when, in fact, they could have stacked the other three automobiles' underinsurance coverage.

---

[1] Appellant's counsel on appeal was not trial counsel.

An action to rescind a release is in equity. *Turner v. Washington Realty Co.*, 128 S.C. 271, 122 S.E. 768 (1924). In *Alderman v. Bivin*, 233 S.C. 545, 552, 106 S.E. (2d) 385, 389 (1958) our Supreme Court held:

A contract may be reformed or rescinded, as the justice of the case may require, upon the ground of mistake, under these circumstances: (1) Where the mistake is mutual and is in reference to the facts, or supposed facts, upon which the contract is based; (2) where the mistake is mutual and consists in the omission or insertion of some material element affecting the subject-matter or the terms and stipulations of the contract, inconsistent with those of the parol agreement which necessarily preceded it; (3) where the mistake is not mutual, [but] unilateral, and has been induced by the fraud, deceit, misrepresentation, concealment, or imposition in any form of the party opposed in interest to the reformation or rescission, without negligence on the part of the party claiming the right; (4) where the mistake is not mutual, but unilateral, and is accompanied by very strong and extraordinary circumstances, showing imbecility or something which would make it a great wrong to enforce the agreement, sustained by competent testimony of the clearest kind.

(Quoting *Jumper v. Queen Mab Lumber Co.*, 115 S.C. 452, 106 S.E. 473 (1921)). Avoidance of a release on the grounds of mistake must be based upon a finding of unknown facts that were in existence and were not in contemplation of the parties when the settlement was consummated. *Alderman v. Bivin.*

Neither party in this action made any mistake as to any "fact." Whether or not stacking was allowed under the facts of this case was a question of law, not a question of fact. It is the general rule that a court of equity will not, where a mistake of law is disclosed, grant relief from the consequences thereof in the absence of fraud or undue influence. 27 Am. Jur. (2d) *Equity* § 37. Nor will relief be granted where the complaining party took measures to secure knowledge as to the state of the law and, being misinformed, placed himself in the prejudicial situation of which he later complains. 27 Am. Jur. (2d) *Equity* § 41. Everyone is presumed to have knowledge of the law and must exercise reasonable care

to protect his interests. *Cf. Maw v. McAlister,* 252 S.C. 280, 166 S.E. (2d) 203 (1969) (court refused to rescind release based on insurance adjuster's misrepresentations when party, an experienced businessman, did not exercise due care and read release prior to signing, but instead relied on the adjuster who was a stranger representing an adverse interest).

However, courts of equity will protect those who are ■ unable to protect themselves and those of whom an undue advantage has been taken. *See Parks v. Morris Homes Corp.,* 245 S.C. 461, 141 S.E. (2d) 129 (1965) (a wrongdoer cannot shield himself from liability by asking the law to condemn the credulity of the ignorant and the unwary). Clearly, this is not a case of an "ignorant and unwary" appellant. Appellants were represented by an attorney and had an opportunity to consult with their attorney prior to entering into the release.

In the alternative, Appellants argue the release should ■ be rescinded based on the fraudulent behavior of Respondent. The law on stacking, as applied to this case, was not firmly established when the parties entered into the release. Our Supreme Court had yet to address the issue of whether stacking was allowed when the automobile involved in the accident had coverage in excess of basic limits.[2] It was not fraudulent or bad faith for Respondent to offer its opinion on a novel legal issue, even though it later proved to be incorrect.

Accordingly, the order of the trial judge is

Affirmed.

CURETON and CONNOR, JJ., concur.

---

[2] The court had addressed stacking pursuant to S.C. Code Ann. § 56-9-831 (1976) in three cases prior to the signing of the release. In all of these cases, the automobile involved in the accident had only basic limits coverage. *See Nationwide Mut. Ins. Co. v. Howard,* 288 S.C. 5, 339 S.E. (2d) 501 (1985); *Garris v. Cincinnati Ins. Co.,* 280 S.C. 149, 311 S.E. (2d) 723 (1984); *Gambrell v. Travelers Ins. Companies,* 280 S.C. 69, 310 S.E. (2d) 814 (1983). Some six months after the execution of the release our Supreme Court ruled that stacking was permitted up to the amount of the UIM limits on the vehicle involved in the accident. *South Carolina Farm Bureau Mut. Ins. Co. v. Mooneyham,* 304 S.C. 442, 405 S.E. (2d) 396 (1991).