523 S.E.2d 776

Kimberly McKnight COX, Clarice Kirby,
and James Lynch, Appellants,

v.

The COUNTY OF FLORENCE and Eugene Cooper,
as Chief Magistrate for Florence County,
South Carolina, Respondents.

No. 25023.

Supreme Court of South Carolina.

Heard Oct. 19, 1999.

Decided Dec. 6, 1999.

Rehearing Denied Jan. 19, 2000.

J. Lewis Cromer of Cromer and Mabry, and Benjamin A. Dunn, II, of Dunn, Dunn and Mitchell, both of Columbia, for appellants.

James C. Rushton, III, of The Hyman Law Firm, and County Attorney Dale R. Samuels, both of Florence, for respondents.

WALLER, Justice:

This appeal involves a challenge to the pay scale of part-time magistrates in Florence County. We affirm in part, reverse in part.

## FACTS

Appellants in this matter are three part-time magistrates, each scheduled to work 27 hours per week.[1] However, each of the magistrates testified they had to work additional hours in order to fulfill their job responsibilities. They filed this lawsuit in July 1996, claiming entitlement to compensation for their excess hours. Additionally, the magistrates contended the discrepancy in full-time magistrates salaries of $3.10 per hour more than part-time magistrates violates S.C.Code Ann. § 22–8–40(D) (entitling part-time magistrates a proportional percentage of full-time magistrates' salaries).

The circuit court held a) that the complaint was untimely as it was not filed within 30 days of County Council's denial of the magistrates initial request for an increase, b) that to the extent the magistrates sought damages for periods prior to July 1993, they were barred by the three year statute of limitations, c) that the magistrates were not entitled to compensation for hours worked in excess of their scheduled 27

---

1. Magistrate Lynch has since been raised to 39 hours per week. Anything less than 40 hours is considered part-time. S.C.Code Ann. § 22–8–20(3).

hours per week, and d) County was not required to pay part-time magistrates a "proportionate salary" based upon the $3.10 more per hour earned by full-time magistrates, as the $3.10 per hour supplement for full-time magistrates was to compensate them for being required to be on emergency call for 24 hour periods.

## ISSUES[2]

1. Did the circuit court err in ruling the part-time magistrates had failed to file a petition for judicial review within 30 days of the Florence County Council's final decision, as required by the APA?

2. Did the court err in ruling Florence County was not required to compensate the part-time magistrates for hours each worked in excess of their scheduled 27 hours per week?

3. Did the court err in ruling the part-time magistrates were not entitled, in the computation of the proportional share of their salaries, to include the $3.10 per hour differential paid to full-time magistrates for being required to be on-call 24 hours per day for emergencies?

### 1. TIMELY FILING UNDER APA

■ In their complaint, the magistrates alleged they had requested a pay increase in April 1992, but had been unsuccessful in obtaining one despite repeated efforts. In light of this allegation, the circuit ruled they had failed to timely file for judicial review within 30 days, as required by S.C.Code Ann. § 1–23–380 (the APA).[3] We disagree.

---

2. The parties dispute the proper standard of review. As the issues raised present purely legal questions, this Court has jurisdiction to correct errors of law. *See e.g., Rose v. Beasley,* 327 S.C. 197, 489 S.E.2d 625 (1997) (in an action at law, Supreme Court's jurisdiction is limited to correction of errors of law); *Smothers v. Richland Memorial Hosp.,* 328 S.C. 566, 493 S.E.2d 107 (Ct.App.1997) (on appeal of equitable action tried by judge alone without a reference, appellate court can correct errors of law); *S.C. Dept. of Labor v. Girgis,* 332 S.C. 162, 503 S.E.2d 490 (Ct.App.1998) (appellate court reviewing pursuant to APA may reverse agency decision which is affected by error of law).

3. Under 22–8–50, the county council's determination of magistrates' compensation is a "contested case" which is reviewable under section 1–23–380.

Section 1–23–380(A)(1) provides, in part:

(A) A party who has exhausted all administrative remedies available within the agency and who is aggrieved by a **final decision** in a contested case is entitled to judicial review under this article . . .

(1) Proceedings for review are instituted by filing a petition in the circuit court **within thirty days after the final decision of the agency** or, if a rehearing is requested, within thirty days after the decision thereon. (Emphasis supplied).

In *Hamm v. South Carolina Public Service Comm'n,* 287 S.C. 180, 336 S.E.2d 470 (1985), we construed this provision to allow a party thirty days after **written notice** of a decision to bring an appeal, rather than 30 days after a decision is made in which to file an appeal. In the present case, the only **written** notice in the record is a letter from the county attorney dated July 3, 1996, in which the magistrates were advised County did not feel they were entitled to a pay increase. Accordingly, this written notice triggered the thirty day period and the magistrates' complaint, filed July 10, 1996, was timely filed. The circuit court's ruling on this issue is reversed.[4]

## 2. COMPENSATION FOR UN–SCHEDULED HOURS

■ Magistrates next contend County must compensate them for hours worked in excess of their scheduled 27 hours per week. We disagree.

As noted previously, each of the magistrates testified that, in order to keep up with their work load, they had to work in excess of their scheduled 27 hours per week.[5] However, each of the part-time magistrates testified, as did Chief Magistrate

---

4. We concur, however, with the circuit court's ruling that the applicable statute of limitations is three years pursuant to S.C.Code Ann. § 15–3–530(2). Accordingly, magistrates may not recover for periods prior to July, 1993.

5. Judge Lynch testified he worked a total of 964 extra hours in the three years prior to the filing of this lawsuit. Judge Cox testified to working an extra 612 & ½ hours during the same three year period. Judge Kirby estimated she worked an average of 5 hours per week in excess of her scheduled 27 hours per week.

Cooper, that they were neither instructed nor requested to work the excess hours by County. Chief Magistrate Cooper testified that, although Judge Lynch's workload had increased such that his number of hours had been increased to 39 hours per week, the other 2 magistrates should be able to complete their work in 27 hours. He also disputed the magistrates' claims regarding how much time it took them to perform their judicial functions.

■■■ We find no authority pursuant to which this Court may order a County to pay part-time magistrates for time worked in excess of their scheduled hours. Magistrates' claim, without citation of authority, that county should be estopped to deny payment, since it benefitted from their service. The issue of estoppel was neither raised nor ruled on below and is therefore unpreserved. *Creech v. South Carolina Wildlife and Marine Resources Dep't*, 328 S.C. 24, 491 S.E.2d 571 (1997) (issue must have been raised to and ruled upon by the trial judge to be preserved for review). Moreover, it is patent that the elements of equitable estoppel are not met in the present case as County never made a false representation that it would pay the magistrates for hours worked in excess of those scheduled, nor did it intend magistrates do so. *See Brading v. County of Georgetown*, 327 S.C. 107, 490 S.E.2d 4 (1997).

We decline to require counties to pay magistrates based on the number of hours each individual magistrate deems necessary to fulfill his or her responsibilities. The circuit court's ruling on this issue is affirmed.

## 3. RATE OF COMPENSATION

■■■ From 1990 until 1997, County paid its full-time magistrates $18.40 per hour, while part-time magistrates were paid $15.30 per hour.[6] According to Chief Magistrate Cooper, the purpose of the $3.10 per hour differential was to compensate full-time magistrates for being required to be on call 24 hours per day for emergency duty every third week.[7] Part-time

---

6. In early 1997, the salaries were increased to $20.68 per hour and $17.18 per hour, respectively.

7. However, one full-time magistrate, Judge McElveen, was paid the higher salary and was not required to perform emergency duty. Ac-

magistrates were not required to perform "emergency duty," but were required to have "weekend duty" every fifth week. County compensated part-time magistrates for their weekend duty by actually requiring they spend only 23 hours per week in the office; the remaining 4 hours per week (a total of 20 hours every five weeks) accounted for their weekend duty rotation.[8]

Part-time magistrates contend they are not being paid in accordance with S.C.Code Ann. § 22–8–40(D) which provides:

(D) Part-time magistrates are entitled to **a proportionate percentage of the salary provided for full-time magistrates.** This percentage is computed by dividing by forty the number of hours a week the part-time magistrate spends in the performance of his duties. The number of hours a week that a part-time magistrate spends in the exercise of the judicial function, and scheduled to be spent on call, must be the average number of hours worked and is fixed by the county governing body upon the recommendation of the chief magistrate. (emphasis supplied).[9]

By paying the full-time magistrates an additional $3.10 per hour, County has violated the requirement that part-time magistrates be paid a proportional percentage of the full-time magistrates' salary. *See Ramsey v. County of McCormick, supra* (where the words of a statute are clear and unambiguous, its terms must be given their literal meaning). Under the literal terms of the statute, the part-time magistrates are

cording to Magistrate Cooper, Judge McElveen did perform weekend call duty every fifth weekend (as did the part-time magistrates) for which he did not receive any additional compensation, nor did he receive "comp time" as did the part-time magistrates. Further, although Chief Magistrate Cooper was classified as part-time, he received the full-time magistrates' increased hourly wage.

**8.** Presumably, this method of compensation for part-time magistrates was an effort to comply with *Ramsey v. County of McCormick,* 306 S.C. 393, 412 S.E.2d 408 (1991), in which we held part-time magistrates are entitled to compensation for time spent scheduled to be on-call.

**9.** Full-time magistrates were paid at a rate of $18.40 per hour for 40 hours per week, for a total salary of $ 38,272.00. Part-time magistrates, on the other-hand, were paid a rate of $15.30 per hour for 27 hours per week, for a total salary of $21,481.20.

entitled to a proportionate percentage of the $18.40 per hour paid to full-time magistrates.

 County's contention that the additional $3.10 per hour is a mere "supplement" to compensate for 24 hour emergency duty is untenable. County pays one full-time magistrate this "supplement" without the requirement of emergency duty, and pays its Chief Magistrate the full-time magistrates' salary, notwithstanding he is employed only part time. Accordingly, County's assertion is incredulous. Accordingly, we hold County is required to compensate part-time magistrates a proportional percentage of the hourly wage paid to full-time magistrates.[10]

---

10. The circuit court also ruled the part-time magistrates were entitled only to a proportional share of the $ 25,000.00 **base** salary established by 22–8–40(B), rather than a proportion of the **actual** salary County pays its full-time magistrates. We disagree.

S.C.Code Ann. § 22–8–40(B) provides the minimum base salary a county must pay its full-time magistrates, depending upon the population of the county. Given Florence county's population of 114,000, the minimum base salary is $25,000. The statute permits a county to pay its magistrates more than this statutory minimum, but prohibits them from paying less than the established base salary. S.C.Code Ann. § 22–8–40(J) & (K). County has elected to pay its full-time magistrates a salary of $38,000.00, some $13,000 in excess of the minimum base salary. The circuit court held that since part-time magistrates are being paid more than they would be entitled to if their proportionate salary was calculated upon the $25,000.00 minimum base salary, they are being paid what is legally due them. We disagree.

The circuit court's ruling ignores the plain meaning of § 22–8–40(D) which provides, "[p]art-time magistrates are entitled to a proportionate percentage of the salary provided for full-time magistrates." The clear intent of the legislature in enacting this provision was to provide a proportional share of the salaries **actually provided** to full-time magistrates, and not, as county contends, a proportional share of the mandatory minimum base salary provided in the statute.

This Court cannot construe a statute without regard to its plain and ordinary meaning, and may not resort to subtle or forced construction in an attempt to limit or expand a statute's meaning. *Paschal v. State of South Carolina Election Comm'n,* 317 S.C. 434, 454 S.E.2d 890 (1995). Furthermore, this Court may not engraft extra requirements to legislation which is clear on its face. *Lester v. S.C. Workers' Comp. Comm'n,* 334 S.C. 557, 514 S.E.2d 751 (1999). To accept County's contention would require this Court to engraft onto the statute the additional terms that part-time magistrates are entitled to a "proportional percentage of the **minimum base salary** provided for full-time magistrates." As the legislature did not see fit to do add this requirement, we decline to do so. *See Tilley v. Pacesetter,* 333 S.C. 33, 508

## CONCLUSION

We reverse the circuit court's ruling that the magistrates failed to timely file for judicial review under the APA. We also reverse the holding that County is not required to pay part-time magistrates a proportional percentage of the actual hourly salary paid to full-time magistrates. The remainder of the circuit court's order is affirmed.

**AFFIRMED IN PART, REVERSED IN PART.**

TOAL, Acting C.J., MOORE, BURNETT, JJ., and Acting Associate Justice GEORGE T. GREGORY, Jr., concur.

S.E.2d 16 (1998) (if legislature had intended certain result in statute it would have said so).

Under the plain and ordinary terms of the statute, part-time magistrates are entitled to a proportional share of the **actual** salary County pays its full-time magistrates. The circuit court's holding on this issue is reversed.