THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Delores D. Leonard, Appellant,
 
 
 

v.

 
 
 Kershaw County, State of South Carolina, Respondent.
 
 

Appeal From Kershaw County
 James R. Barber, III, Circuit Court Judge

Unpublished Opinion No. 2007-UP-122
Submitted March 1, 2007  Filed March 15, 2007    

AFFIRMED

 
 
 
 Gerald F. Smith, of Columbia, for Appellant.
  J. Kennedy DuBose, Jr. and Jonathan M. Robinson, of Camden, for Respondent.
 
 
 

PER CURIAM: Delores Leonard, a former part-time magistrate for Kershaw County, appeals the circuit courts dismissal of her action for unpaid wages pursuant to the Magistrates Pay Act.[1]  We affirm.[2]
FACTS
In 1996, Leonard began working as a part-time magistrate for Kershaw County, and she continued in this capacity until her resignation in April 2003. As a magistrate, Leonard worked twenty hours a week and was on-call seventy-nine hours per week.  Leonard wrote to the chief magistrate on September 15, 2000, requesting compensation for her on-call hours.  This letter from Leonard was followed by a letter to the Kershaw County Administrator from Leonards attorney, inquiring about Leonards claim for on-call hours compensation.  The Countys attorney responded by letter on January 22, 2003, explaining that after discussing the matter with the County Administrator and Chief Magistrate it has been determined that Magistrate Delores D. Leonard is being appropriately compensated. 
In February 2003, Leonard filed an action for unpaid wages pursuant to the Payment of Wages Act,[3] alleging that the County failed to pay her for the time she spent on-call.  The County filed a motion to dismiss, which was granted.  A panel of our court affirmed the dismissal, finding Leonard should have filed her claim pursuant to the Magistrates Compensation Act because it provided the exclusive remedy for magistrates with disputes over wages.  Leonard v. Kershaw County, 2005-UP-164 (Ct. App. 2005).
On July 15, 2004, while her case seeking relief pursuant to the Payment of Wages Act was pending, Leonard filed an action for unpaid wages pursuant to the Magistrates Pay Act.  The County again moved to dismiss the case, arguing Leonard failed to file for judicial review within thirty days of the Countys final decision pursuant to section 1-23-380 of the South Carolina Code.[4]  Leonard argued that the thirty-day period for judicial review had not yet begun because section 22-8-50(B) of the South Carolina Code requires that there first be a formal hearing.  
After a hearing on the matter, the circuit court found the January 22, 2003 letter from the Countys attorney denying Leonard additional compensation was the final decision of the County.  Because Leonard failed to request judicial review within thirty days of that letter, the circuit court granted the Countys motion to dismiss.  
Leonard filed a Rule 59(e) motion, arguing the circuit court failed to rule on whether Leonard received a hearing pursuant to section 22-8-50(B) of the South Carolina Code.  The circuit court denied the motion to reconsider.  This appeal followed.
LAW/ANALYSIS
Leonard argues she is entitled to a hearing pursuant to section 22-8-50(B) of the South Carolina Code, and because she has not been afforded this hearing, the circuit court erred in dismissing her action as untimely.  We disagree.
Section 1-23-380 of the South Carolina Code requires that review of the Countys decision be instituted by serving and filing notice of appeal . . . within thirty days after the final decision of the agency . . . .  The thirty day timeline is triggered, not by when or whether a hearing was held, but by the issuance of a final decision.  
In Cox v. County of Florence, 337 S.C. 340, 523 S.E.2d 776 (1999), three part-time magistrates sued Florence County for wages they claimed to have earned while working extra hours.  Florence County denied the magistrates relief in a letter.  Id. at 344, 523 S.E.2d at 778.  On appeal, our supreme court found this letter, which provided the magistrates with written notice of Florence Countys decision, triggered the thirty-day period during which the magistrates could seek judicial review of Florence Countys decision.  Id.
Here, Leonard received written notice of the Countys decision in January 2003. She did not file this action until July 2004, well outside the thirty-day window for seeking judicial review.  Accordingly, the order of the circuit court is
AFFIRMED.
HEARN, C.J., and GOOLSBY and STILWELL, JJ., concur.

[1] South Carolina Code § 22-8-10, et seq.
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.
[3] South Carolina Code § 41-10-10, et seq.
[4] This code section is part of the South Carolina Administrative Procedures Act.