**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Thunder Island Development, LLC, and Dan Keener, Appellants,

v.

Kennedy Funding, Inc., Jonathan Weiner, Kevin Wolfer, Henry Haskell, Amvest, LLC, and Mark S. Kelly, Respondents.

Appellate Case No. 2010-155588

———————————

Appeal From Beaufort County
Marvin H. Dukes, III, Special Circuit Judge

———————————

Unpublished Opinion No. 2012-UP-397
Heard May 7, 2012 – Filed July 11, 2012

———————————

**AFFIRMED**

———————————

James O. Hale, Hale & Bolchoz, LLC, of Hilton Head Island, for Appellant.

Jason Wayne Ward, Barry L. Johnson, PA, of Okatie, for Respondents Amvest, LLC, and Mark S. Kelley; and Otto Edworth Liipfert, III, and Mary Elizabeth Sharp, both of Griffith, Sadler & Sharp, PA, of Beaufort, for

Respondents Kennedy Funding, Inc., Jonathan Weiner, Kevin Wolfer, and Henry Haskell.

---

**FEW, C.J.:** Dan Keener sought a loan for the sale of real property from Kennedy Funding, Inc., a New Jersey corporation. Kennedy Funding charged Keener an advance fee for the loan in violation of the South Carolina Loan Brokers and Unfair Trade Practices Acts. S.C. Code Ann. §§ 34-36-20(1), -80(A) (Supp. 2011); § 39-5-140 (1976). The commitment letter for the loan stated New Jersey law applied to the transaction.[1] The parties could never agree on a final loan amount, and Keener rejected Kennedy Funding's request for an extension of the expiration of the commitment. Keener then demanded Kennedy Funding return the advance fee. Kennedy Funding refused, and Keener filed an action against it for a violation of the Unfair Trade Practices Act.

The special circuit judge granted Kennedy Funding's motion for summary judgment because it found New Jersey law applied to the transaction pursuant to the choice of law provision and charging an advance fee is legal in New Jersey. We affirm pursuant to Rule 220(c), SCACR, because the record shows Keener waived his right to assert a claim for damages resulting from Kennedy Funding charging a commitment fee.

When reviewing an order granting "a summary judgment motion, appellate courts apply the same standard that governs the trial court under Rule 56(c), SCRCP, which provides that summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *USAA Prop. & Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 653, 661 S.E.2d 791, 796 (2008). "[T]he appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party below." *Id.*

---

[1] Charging an advance fee for a loan is not actionable in New Jersey. *See* N.J. Stat. Ann. § 56:8-2 (West 2001); *Prof'l Cleaning & Innovative Bldg. Servs., Inc. v. Kennedy Funding, Inc.*, 408 Fed. Appx. 566, 570-71, 2010 WL 4823377, 4 (3d Cir. 2010) (finding the New Jersey Consumer Fraud Act does not apply to Kennedy Funding's advance fee loan).

Viewing the evidence in a light most favorable to Keener, we find even if the Loan Brokers Act and UTPA applied to this action, he waived his right to seek relief pursuant to it based on the commitment fee.

"A waiver is a voluntary and intentional abandonment or relinquishment of a known right." *Sanford v. S.C. State Ethics Comm'n*, 385 S.C. 483, 496, 685 S.E.2d 600, 607 (2009). "Waiver requires a party to have known of a right and known that right was being abandoned." 385 S.C. at 496-97, 685 S.E.2d at 607. "The determination of whether one's actions constitute waiver is a question of fact." 385 S.C. at 497, 685 S.E.2d at 607. "Everyone is presumed to have knowledge of the law and must exercise reasonable care to protect his interests." *Smothers v. U.S. Fid. & Guar. Co.*, 322 S.C. 207, 210-11, 470 S.E.2d 858, 860 (Ct. App. 1996) (holding a court of equity would not protect an appellant who was represented by counsel and had an opportunity to consult with counsel before entering into a release).

The record shows Keener "understood [he] was paying a commitment fee." Keener was represented by counsel, who negotiated the New Jersey governing law provision and obtained New Jersey counsel for Keener. The special circuit judge went to great lengths to emphasize he based his decision in part on the finding that the parties negotiated the transaction at arms-length and were all sophisticated business entities. Specifically, the judge found Keener, "while being assisted by two South Carolina loan brokers and a South Carolina attorney, sought out money for this transaction all over the country. [Keener]'s only potential source of funding came from Defendant [Kennedy Funding], a New Jersey company . . . ." The judge further found Kennedy Funding "issued a loan commitment to [Keener] that expressly contained a New Jersey choice of forum and choice of law clause . . . . The agreement was negotiated at arms'-length between two sophisticated parties, and both parties clearly understood the terms to which they were agreeing." Finally, the judge stated "all correspondence between [Keener's attorney] and [Kenney Funding] specifically contemplated the payment of fees prior to the closing."

We find Keener is charged with knowledge of the law regarding commitment fees. There is no evidence that he did not intentionally and voluntarily choose to accept

Kennedy Funding's loan offer in exchange for paying a commitment fee. Therefore, Keener waived his right to challenge the legality of the fee.[2]

**AFFIRMED.**

**HUFF, J., concurs.**

**SHORT, J., concurs in result.**

---

[2] Our opinion affects only Keener's right of recovery.  Nothing in our opinion forecloses any action the State, who was not a party to the transaction, may assert against Kennedy Funding.  *See* S.C. Code Ann. § 34-36-60(A), (C) (Supp. 2011) (stating the State Department of Consumer Affairs may bring an action "on behalf of the State against the person and any other person concerned in that practice in violation of this chapter" and may seek numerous remedies including an injunction and restitution for "the persons whose assets were obtained in violation of this chapter"); §§ 39-5-50, & -110 (1976) (providing the Attorney General may, with reasonable cause to believe a person is about to or has violated the UTPA, seek an injunction, the recovery of damages for the State and any damaged individual, and the revocation of a violator's license).