**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Hampton County School District Two, Appellant,

v.

South Carolina Public Charter School District and Virgin Johnson Academy of Excellence, Respondents.

Appellate Case No. 2011-203728

---

Appeal From the Administrative Law Court
Carolyn C. Matthews, Administrative Law Court Judge

---

Unpublished Opinion No. 2012-UP-428
Submitted July 2, 2012 – Filed July 18, 2012

---

**REVERSED AND REMANDED**

---

Courtney Michelle Laster, Reagan Singletary Flemming, Charles J. Boykin, and Deidre D. Laws, all of Boykin & Davis, LLC, all of Columbia, for Appellant.

Karl Smith Bowers, Jr. and Matthew Todd Carroll, both of Womble Carlyle Sandridge & Rice, LLP, both of Columbia, for Respondent SC Public Charter School District.

Virgin Johnson, Jr., of Johnson & Williams Attorneys at Law, LLC, of Orangeburg, for Respondent Virgin Johnson Academy of Academic Excellence.

_____

**PER CURIAM:**  Hampton County School District Two (the District) appeals an order from the Administrative Law Court (ALC) dismissing its appeal from the South Carolina Public Charter School District Board of Trustees' (the Board's) approval of Virgin Johnson Academy of Excellence's charter school application. The District now argues the ALC erred in (1) dismissing its appeal for failing to timely file its notice of appeal and (2) finding the District had a duty to present evidence of adverse impact to its district caused by granting the application prior to the Board's decision.  We reverse and remand[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the ALC erred in dismissing the District's appeal as untimely: S.C. Code Ann. § 1-23-600(D) (Supp. 2011) ("[The ALC] also shall preside over all appeals from final decisions of contested cases pursuant to the Administrative Procedures Act . . . ."); S.C. Code Ann. § 1-23-600(E) (Supp. 2011) ("Review by [the ALC] of a final decision in a contested case, heard in the appellate jurisdiction of the [ALC], must be in the same manner as prescribed in Section 1-23-380 for judicial review of final agency decisions with the [ALC] exercising the same authority as the court of appeals . . . ."); S.C. Code Ann. § 1-23-380(1) (Supp. 2011) ("Proceedings for review are instituted by serving and filing notice of appeal as provided in the South Carolina Appellate Court Rules within thirty days after the final decision of the agency . . . ."); Rule 203(b)(6), SCACR (providing that a notice of appeal from an order of an ALC or administrative tribunal shall be served within thirty days "*after receipt of the decision*" (emphasis added)); *Hamm v. S.C. Pub. Serv. Comm'n*, 287 S.C. 180, 181-82, 336 S.E.2d 470, 471 (1985) (holding that despite section 1-23-380's language suggesting the thirty days to appeal runs from the date an agency made its decision, an appellant actually has "thirty days after *notice* of a decision to bring an appeal"); *Cox v. Cnty. of Florence*, 337 S.C. 340, 344, 523 S.E.2d 776, 778 (1999) (finding a letter addressed to appellants informing them of the agency's decision triggered the beginning of appellants' thirty days to petition the court for review pursuant to section 1-23-380); *McLeod v. Starnes*, 396 S.C. 647, 660, 723 S.E.2d 198, 205 (2012) ("The legislature is presumed to be aware of [the court's] interpretation of its statutes." (quoting

_____

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

*Wigfall v. Tideland Utils., Inc.*, 354 S.C. 100, 111, 580 S.E.2d 100, 105 (2003)) (internal quotation marks omitted)).

2.  Because this case was dismissed on procedural grounds and we are remanding this case for a ruling on the merits, we need not address whether the District had a duty to present evidence of adverse impact prior to the Board's decision.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating when one issue is dispositive of a case, the appellate court need not address any remaining issues).

**REVERSED AND REMANDED.**

**FEW, C.J., and HUFF and SHORT, JJ., concur.**